(April 8, 1993)

■ In the Matter of ALVIS JOHNSON, Respondent, v CITY OF NEW YORK et al., Appellants. [596 NYS2d 33] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered October 4, 1991, which, in a proceeding pursuant to CPLR article 78 challenging the denial by respondent tenant association of petitioner's application to rent an apartment in a building that participates in respondent Department of Housing Preservation and Development's (HPD) Tenant Interim Lease (TIL) program, denied the municipal respondents' cross motion to dismiss the petition, and granted the petition to the extent of remanding petitioner's application for an apartment to the tenant association for further consideration, enjoining the tenant association from renting the apartment sought by petitioner upon the posting of an undertaking and until the tenant association makes a determination as to the application and notifies petitioner of the outcome in writing, and directing respondent HPD to promulgate rules for the rental of vacant apartments in buildings participating in the TIL program, unanimously modified, on the law, to the extent of vacating the direction that HPD promulgate rules, and remanding the matter to respondent Division of Alternative Management Programs of the Department of Housing Preservation and Development for the issuance of a written statement of reasons for the denial of petitioner's application, and otherwise affirmed, without costs.

Due process does not require the adoption of formal rules, but is satisfied by the less formal procedure of a written statement of reasons for the denial of an application *(see, Sidberry v Koch,* 539 F Supp 413, 419). In the event of a denial, remedies under State law, including article 78 relief and the tenant association procedures already in place, satisfy the requirements of procedural due process *(see, Parratt v Taylor,* 451 US 527, 543-544, *overruled on other grounds Daniels v Williams,* 474 US 327, 330-331; *Liotta v Rent Guidelines Bd.,* 547 F Supp 800, 802-803). Petitioner may also pursue the legislatively prescribed method for the adoption of rules set out in the City Administrative Procedure Act (NY City Charter ch 45). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Rubin, JJ. *[See,* 152 Misc 2d 576.]