OPINION OF THE COURT
Ralph A. Beisner, J.
Petition pursuant to CPLR article 78 annulling the determination of the Division of Probation and Correction Alternatives which designated petitioner a "sexually violent predator” and for judgment declaring Correction Law § 168 et seq. unconstitutional as applied to petitioner. It is ordered that this petition is denied and the proceeding is dismissed.
In 1992 petitioner pleaded guilty to the crime of sexual abuse in the first degree and was sentenced to six months in the Dutchess County Jail and five years’ probation. The period of probation is to expire in 1997.
Pursuant to the recently enacted Correction Law article 6-C, the Sex Offender Registration Act (Correction Law § 168 et *212 seq.) (hereinafter the Act), sex offenders such as petitioner who are on parole or probation for a designated offense on the effective date of the statute, January 21, 1996, as well as those who are in custody, are subject to the registration and notification provisions of the Act (Correction Law § 168-g). The Act creates a Board of Examiners of Sex Offenders (the Board) which is to develop guidelines and procedures to assess the risk of a repeat offense by a sex offender and the threat posed by the sex offender to public safety.
The risk assessment based on these guidelines will result in a level 1 designation if the risk of repeat offense is low, a level 2 designation if the risk of repeat offense is moderate, and a level 3 designation if the risk of repeat offense is high and there exists a threat to the public safety. A sex offender with a level 3 designation is deemed to be a sexually violent predator.
The procedure for determining the sex offender’s risk assessment depends upon whether the sex offender was incarcerated or institutionalized on the effective date of the Act or was on parole or probation on the effective date. As to those sex offenders who were incarcerated or institutionalized, the risk assessment determination is made by the sentencing court after receiving a recommendation from the Board. As to the sex offenders who are on parole or probation on the effective date of the Act, the risk assessment determination is made by the Division of Parole or the Division of Probation and Correction Alternatives (DPCA).
The registration provisions of the Act require sex offenders who are on parole or probation to register with the parole or probation officer. Sex offenders who are incarcerated or institutionalized must register with the Division of Criminal Justice Services after being released from custody. Sex offenders must then register annually for 10 years. A sex offender who is designated a sexually violent predator has more stringent registration requirements and the registration requirement continues for a minimum of 10 years.
The notification provisions of the Act permit law enforcement authorities, in certain circumstances, to notify the public of the identity and whereabouts of registrants. The scope of notification and dissemination of information about the registrants is based upon the assessment level.
The petitioner herein, who was on probation on the effective date of the Act, was advised by the DPCA that he was determined to have a level 3 designation, i.e., a sexually violent predator (Correction Law § 168-Z [6] [c]). Petitioner ap *213 pealed that determination to the DPCA and, by memorandum dated July 8, 1996, his appeal was denied. This proceeding pursuant to CPLR article 78 ensued.
Petitioner contends that Correction Law § 168 et seq. is unconstitutional as applied to him in that it violates the Ex Post Facto Clause of the Federal Constitution (US Const, art I, § 10), and deprives him of due process and equal protection. Petitioner further argues that the DPCA determination that he has a risk level of 3 is arbitrary and capricious and not based on substantial and clear and convincing evidence.
In a Federal action, Doe v Pataki, the plaintiffs challenged the constitutionality of Correction Law § 168 et seq. as applied to individuals such as petitioner who committed crimes before the Act took effect. The State has agreed to be bound by any rulings in that action and apply them to all similarly situated sex offenders (Doe v Pataki, 940 F Supp 603, 608). On March 21, 1996 the United States District Court preliminarily enjoined the retroactive application of the public notification provisions of Correction Law § 168 et seq. (Doe v Pataki, 919 F Supp 691). On September 24, 1996, the District Court granted the plaintiffs in Doe v Pataki summary judgment on their claim that the retroactive application of the notification provisions of the Act would violate the Ex Post Facto Clause and permanently enjoined defendants from enforcing the public notification provisions against persons who committed their crimes before January 21, 1996 (Doe v Pataki, 940 F Supp 603, 631, supra; but see, People v Afrika, 168 Misc 2d 618). On the other hand, the District Court dismissed with prejudice the claim that the retroactive application of the registration provisions of the Act would violate the Ex Post Facto Clause (Doe v Pataki, 940 F Supp 603, 631, supra). Doe v Pataki is on appeal to the United States Court of Appeals for the Second Circuit.
Since implementation of the public notification provisions of the Act has been permanently enjoined, the petitioner’s constitutional challenges to the notification provisions are not ripe for review and will not be addressed (see generally, Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 518).
As to the registration requirement, petitioner first contends that the application of the provisions of Correction Law § 168 et seq. to him violates the Ex Post Facto Clause of the United States Constitution. That clause, US Constitution, article I, § 10, prohibits the enactment of laws which, inter alia, make more burdensome the punishment imposed for a crime after its commission (Collins v Youngblood, 497 US 37, 52). The mark *214 of an ex post facto law is the imposition of what can fairly be designated punishment for past acts. The question in each case where unpleasant consequences are brought to bear upon an individual for prior conduct is whether the legislative aim was to punish that individual for past activity or whether the restriction of the individual comes about as a relevant incident to a regulation of a present situation (De Veau v Braisted, 363 US 144, 160).
Virtually every court that has considered the issue of whether the registration requirement is punishment for purposes of the Ex Post Facto Clause has held that it is not (Doe v Pataki, 940 F Supp 603, 629, supra). The legislative statement of purpose and findings made in connection with the Act are indicative of an intent to promote public safety rather than punish sex offenders. "Registration will provide law enforcement with additional information critical to preventing sexual victimization and to resolving incidents involving sexual abuse and exploitation promptly” (L 1995, ch 192, § 1). The statute’s design is remedial rather than punitive and it does not impose a substantial affirmative disability or restraint upon the registrant (see, Doe v Pataki, 940 F Supp 603, 630, supra). Accordingly, the court concludes that the application of the registration provisions of the Act to the petitioner does not violate the Ex Post Facto Clause (see, People v Afrika, 168 Misc 2d 618, supra).
The petitioner also claims that the Act as applied to him violates due process. Since petitioner was already on probation, the DPCA determined petitioner’s risk assessment and designated his risk level as level 3. Petitioner contends that he was denied due process because the determination was made without any input from him and he had no right to confront witnesses, be represented by counsel, present evidence, or appeal DPCA’s determination. The issue which petitioner raises is one of first impression.
Other courts have addressed due process concerns relative to the Act in different contexts. The due process requirements which must be afforded a sex offender in a hearing before the sentencing court were considered in People v Ross (169 Misc 2d 308). A claim that the risk guidelines were so vague and arbitrary as to violate due process was raised and rejected in People v Cook (NYLJ, Nov. 22,1996, at 31, col 2 [Sup Ct, Queens County, Flaherty, JJ). In the Federal action, Doe v Pataki (supra), the plaintiffs raised a due process claim similar to that raised by the petitioner herein, based on the lack of notice and *215 opportunity to be heard before the risk assessment was made. The District Court dismissed the due process claim without prejudice as moot opining that the determination of risk classification was important only for purposes of notification which had been permanently enjoined (Doe v Pataki, 940 F Supp 603, 631, supra). However, the risk classifications also affect the duration and frequency of registration where, as here, a sex offender is designated as a level 3 risk. Thus, this court will address petitioner’s due process claim.
Due process requirements are flexible and call for such procedural protection as the particular situation demands (Mathews v Eldridge, 424 US 319). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections” (Mullane v Central Hanover Trust Co., 339 US 306, 314). Here, petitioner was notified of his classification and, through the risk assessment instrument, of the reasons for the classification. Although the Act does not address an appeals procedure, the DPCA has established an administrative review process. Petitioner may also seek judicial review of the administrative decision, the remedy he has pursued in this article 78 proceeding. Finally, petitioner may bring a petition for relief in the sentencing court, as provided in Correction Law § 168-o. Under these circumstances, petitioner has been afforded sufficient procedural protection to meet the minimum requirements (see, Matter of Johnson v City of New York, 192 AD2d 352; Matter of Associated Blind Hous. Dev. Corp. v State of N. Y. Dept. of Pub. Serv., 142 AD2d 825, 828).
Petitioner next contends that the Act deprives him of equal protection because his risk classification was determined by DPCA while the risk classification of a sex offender who was incarcerated or institutionalized at the time the Act was enacted is determined by the court. The Equal Protection Clause of the Fourteenth Amendment requires that all persons similarly situated be treated in the same manner (Cleburne v Cleburne Living Ctr., 473 US 432, 439). A State may treat differently situated people in a different way (Allen v Cuomo, 100 F3d 253, 261, citing Schweiker v Hogan, 457 US 569). There is a great difference between the situation of those persons who are being discharged from custody and those who are already under parole or probation supervision. There is a rational basis *216 for the statutory requirement that an individual, such as petitioner, who is already under DPCA supervision, be classified by that agency, since that agency is already familiar with him, his background and history and his behavior while on probation. Thus, petitioner’s equal protection claim must fail.
Finally, petitioner contends that DPCA’s determination to classify him as a level 3, "sexually violent predator”, is arbitrary, capricious and not based on substantial and clear and convincing evidence. In making its designation, DPCA used the risk assessment instrument prepared by the Board. This instrument lists risk factors in four categories: criminal offenses, criminal history, post-offense behavior and release environment. Each category has two or more elements, to which a point value is assigned. Petitioner objects to the points given for "relationship with victim” and the points given for "history of [drug or alcohol] abuse”. Since the record establishes that the petitioner met one of the child victims when the victim participated in a residential camp at which petitioner was employed and the second child victim was a cousin of the first victim, the assessment of points in the "relationship with victim” category is neither arbitrary nor capricious and is supported by substantial evidence.
In addition, the record demonstrates that the petitioner has a history of alcohol abuse and, pursuant to the risk assessment guidelines, an offender does not have to be abusing alcohol or drugs at the time of the offense to receive points in this category (Risk Assessment Guidelines and Commentary, at 14 [1996 ed]). The court notes that the guidelines are to be based upon, but not limited to, certain enumerated factors (Correction Law § 168-Z [5]). Petitioner has not demonstrated that the Board’s inclusion of "history of [drug or alcohol] abuse” as a factor is arbitrary and capricious.
For the foregoing reasons, the petition is denied and the proceeding is dismissed.