OPINION OF THE COURT
W. Patrick Falvey, J.
*52 The facts presented in the case at bar raise issues pertinent to the ongoing interpretation of the Sex Offender Registration Act.
This is a review of a risk assessment made by the Sex Offender Registry Unit of the New York State Division of Probation and Correctional Alternatives (DPCA) pursuant to the Sex Offender Registration Act, Correction Law article 6-C, more specifically, section 168-g (1), as the defendant was on probation on the effective date of said law, i.e., January 21, 1996.
Defendant-petitioner was initially assigned a risk assessment of level 3, but after appeal to the DPCA the assessment was reduced to level 2. Defendant now seeks review of that assessment by the sentencing court.
He makes the following arguments concerning the assessment:
1. Defendant was incorrectly assessed 10 points in factor one for forcible compulsion. Since defendant was convicted of only one count of statutory rape, Penal Law § 130.25 (2), there was no forcible compulsion and so zero points should have been assessed for factor one.
2. Defendant should not have been assessed 20 points for factor two, sexual intercourse, because that factor specifically excludes cases of statutory rape, the crime for which defendant was convicted.
3. Defendant should not have been assessed 20 points for factor four, since he was only convicted of one count of rape, even though charged with two separate instances of sexual intercourse.
4. Defendant should not have been assessed 10 points under criminal history, factor eight, since he was not under age 21 when the offense occurred.
In response, DPCA argues:
1. The application was not properly brought under Correction Law § 168-o.
2. The petition is not a proper CPLR article 78 petition.
3. The respondent DPCA was not served with the notice of motion and petition.
4. The defendant did not timely commence an article 78 proceeding since more than four months passed from when the determination became final and binding upon the defendant, i.e., April 11, 1997, before defendant commenced this proceeding.
*53 5. The victim impact statement contained information to support the DPCA’s finding of forcible compulsion. Thus, although defendant was not indicted for a forcible compulsion crime, it was proper for the DPCA to consider the victim’s statements and assess points for forcible compulsion.
6. Since defendant engaged in sexual intercourse with the victim without her consent, DPCA properly assessed defendant 25 points under factor two. DPCA properly concluded that this was not a crime of statutory rape since defendant was 34 at the time of the crime and more than five years older than his victim.
7. Since the Guidelines do not require separate convictions for points to be assessed for risk factor four, "continuing course of sexual conduct” (Risk Assessment Guidelines and Commentary [1996 ed]), the fact that defendant was acquitted of one count of rape and convicted of only one count is not determinative. DPCA could properly rely on victim’s statements and police records as clear and convincing evidence that the defendant committed two or more acts of sexual intercourse with the victim over a period of months.
8. DPCA does not contest defendant’s assertion that no points should have been assessed for factor eight. This was an error since defendant was not under age 21 when the offense occurred. In fact, 10 points were not added to defendant’s total assessment under this factor by DPCA, although circled on the form.
Turning first to the procedural issues, the court notes that on October 10, 1997, four days prior to the return date, DPCA faxed and express mailed to the court papers in opposition to the defendant’s application. Nowhere in these papers did DPCA contest the type of proceeding, the timeliness of the proceeding, or the notice given it of the proceeding.
The matter was adjourned to November 6, 1997. Only then, prior to argument on November 6, 1997, did DPCA first contest the procedural posture of the matter. The court finds that by putting in its written response prior to the October 14, 1997 return date, without contesting the notice, timeliness, or type of proceeding, DPCA appeared and waived these arguments.
The court notes Correction Law article 6-C is confusing in terms of procedure in that section 168-g (4) states that a person may petition for relief from section 168-g pursuant to section 168-o. However, the later section does not seem to apply in this case since the defendant is not asking to be relieved of all fur *54 ther duty to register as set forth in section 168-0, but instead is seeking a review of the classification assigned to him by DPCA. Thus, this court finds that the application is more in the nature of an article 78 proceeding. (Doe v Division of Probation & Correction Alternatives, 171 Misc 2d 210.)
In considering the merits of the application, the court’s task is to determine whether DPCA’s classification of the defendant was arbitrary and capricious or an abuse of discretion. (CPLR 7803.)
The review will center on the specific arguments made by the defendant in regard to certain numbered factors specific to the case at bar.
According to the Risk Assessment Guidelines and Commentary (1996 ed), points should not be assessed for a factor unless there is clear and convincing evidence of the existence of the factor. Evidence can be derived from the sex offender’s admissions, victim’s statements, evaluation reports of supervising probation officers, or other reliable sources.
factor one: forcible compulsion
"[T]he fact that an offender was not indicted for an offense is strong evidence that the offense did not occur. For example, where a defendant is indicted for rape in the first degree on the theory that his victim was less than 11 * * * but not on the theory that he used forcible compulsion * * * the Board or court should be reluctant to conclude that the offender’s conduct involved forcible compulsion.” (Id., at 5.) Here, the defendant was not indicted for forcible compulsion rape. But, as DPCA points out, DPCA assessed points for this factor based on the victim’s statements.
On review of the record upon which the DPCA made its determination the court finds that the assessment of points for this factor was not an abuse of discretion or arbitrary and capricious. The sworn statement of the victim states that the defendant forced her legs apart and held her down at the time of the first rape. Also, during the taped conversation between the victim and the defendant, the defendant did not deny or object when the victim stated "you took advantage of me by giving me that vodka to drink, and then forced yourself on me.” (See, transcript dated July 24, 1992 of July 22, 1992 telephone conversation between victim and defendant, exhibit F, responding affidavit, Oct. 10, 1997.)
*55 FACTOR TWO: SEXUAL INTERCOURSE
The court concludes that DPCA correctly assessed 25 points for factor two. The Risk Assessment Guidelines and Commentary states in part (at 9): "the exclusion [for statutory rape] reaches those cases in which (i) the victim’s lack of consent was due solely to incapacity by reason of being less than 17 years old; (ii) the victim was more than 14 years old; and (iii) the defendant was less than five years older than the victim. See Penal Law §130.55. In such instances, the offender should not be assigned points for this factor.”
Here, defendant was 18 years older than the victim. So, the exception for statutory rape does not apply and DPCA was correct in assessing the 25 points.
FACTOR FOUR: CONTINUING COURSE OF SEXUAL MISCONDUCT
At the jury trial, defendant was acquitted on count one, rape in the third degree, Penal Law § 130.25 (2), a charge involving an alleged incident in August 1991. Defendant was convicted on count two, rape in the third degree, Penal Law § 130.25 (2), a charge involving an incident in November 1991.
At first blush the defendant’s arguments concerning this factor are compelling. After all, if the jury had acquitted on both counts, the defendant would not be subject to article 6-C at all, despite the sworn statements by the victim concerning multiple incidents of sexual intercourse. But, since the Risk Assessment Guidelines and Commentary allowed the DPCA to review the record despite the acquittal, this court cannot say that DPCA’s determination to assess points for this factor was arbitrary and capricious or an abuse of discretion.
Of crucial significance in this determination is the defendant’s own statements to the victim in the recorded telephone conversation prior to his arrest. There, the defendant admitted to having sexual intercourse with the victim in August of 1991. (See, transcript dated July 24, 1992 of July 22, 1992 telephone conversation between victim and defendant, exhibit F, responding affidavit, Oct. 10, 1997.) The defendant was convicted for a rape committed in November of 1991. Thus, on the whole record, the DPCA’s determination that there was clear and convincing proof of two incidents of rape is not arbitrary and capricious.
For the foregoing reasons, the petition is denied and the respondent’s risk assessment will remain at a level 2.