■ In the Matter of NEW YORK STATE BOARD OF EXAMINERS OF SEX OFFENDERS, Petitioner, v GREGORY RANSOM et al., Respondents. [672 NYS2d 185] —Petition unanimously dismissed without costs and counterclaim dismissed without prejudice. Memorandum: Petitioner, New York State Board of Examiners of Sex Offenders (Board), commenced this CPLR article 78 proceeding to annul the determination of respondent Honorable Patricia D. Marks, Acting Supreme Court Justice, made pursuant to Correction Law § 168-d, that respondent Gregory Ransom is a level 2 sex offender. Ransom counterclaimed for a declaration that retroactive application of the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*) to him violates the Ex Post Facto Clause of the US Constitution and that, by denying him the right to a direct appeal from a determination of sex offender level, SORA deprives him of equal protection of the law.

We conclude that the Board lacks the capacity to sue to challenge the determination of a sentencing court with respect to sex offender risk level. The right of a governmental agency "to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate" or "inferred when the agency in question has 'functional responsibility within the zone of interest to be protected' " (*Community Bd. 7 v Schaffer*, 84 NY2d 148, 156, quoting *Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 445, *rearg denied* 61 NY2d 759). SORA does not authorize the Board to sue or be sued, and legislative history reveals no intent to confer that status on the Board. Further, under SORA, the Board is required to submit to the sentencing court a recommendation of the appropriate risk level regarding a sex offender inmate who is about to be released. The Board's recommendation must be based upon guidelines that the Board has promulgated pursuant to Correction Law § 168-*l*. The court, however, is not bound by the recommendation of the

Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record. The Board, therefore, serves only in an advisory capacity that is similar to the role served by a probation department in submitting a sentencing recommendation. The capacity to sue cannot be inferred from its purely advisory nature (*see, Community Bd. 7 v Schaffer, supra*, at 159).

We further conclude that the Board likewise lacks the capacity to be sued. Thus, Ransom's counterclaim is dismissed without prejudice to recommencement of the causes of action asserted therein in a separate action against a proper party. (Original Proceeding Pursuant to CPLR art 78.) Present—Denman, P. J., Lawton, Wisner, Balio and Fallon, JJ.