■ In the Matter of EDWARD VANDOVER, Petitioner, v PAUL CZAJKA, as County Judge of Columbia County, Respondent. [714 NYS2d 793] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to annul a determination of respondent which classified petitioner under the Sex Offender Registration Act as a level three sex offender.

In 1996, petitioner was convicted upon his plea of guilty to the crimes of sexual abuse in the first degree, sexual abuse in the second degree (four counts), sodomy in the second degree

and promoting a sexual performance by a child. The abuse of the young child, which occurred over a period of several years, included acts of sexually deviant intercourse, fondling of the victim's breasts, buttocks and vagina while she slept, and photographing her nude. Petitioner was sentenced to a prison term of $1\frac{1}{2}$ to $4\frac{1}{2}$ years and released on parole at the age of 79.

In preparation of his release, petitioner was evaluated by the Board of Examiners of Sex Offenders in order to determine his risk level classification for recommitting a sexual offense pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]). While petitioner's point total as reflected in the assessment instrument presumptively placed him in the classification of a level two sex offender (moderate risk), the Board recommended that he be designated a level one sex offender (low risk) due to his advanced age, early acceptance of responsibility for his actions and willingness to seek treatment. The Board gave weight to letters written on petitioner's behalf by his adult daughters attesting to his character and indicating that he had not subjected them to sexual contact. Following a hearing, respondent classified petitioner as a level three sex offender (high risk) resulting in this CPLR article 78 proceeding.

Initially, we note that respondent has abandoned his procedural objections to the petition in light of the Court of Appeals' decision in *People v Kearns* (95 NY2d 816). Accordingly, we proceed to the merits of petitioner's claims. Under SORA, the Board is charged with the responsibility of making a recommendation to the sentencing court concerning a sex offender's risk of recommitting a sexual offense based upon certain guidelines (*see*, Correction Law § 168-*l*). "The court, however, is not bound by the recommendation of the Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record" (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892).

In the instant case, respondent chose not to adopt the Board's recommendation for a number of reasons. He found that petitioner's acceptance of responsibility for his actions was a factor that had already been considered in connection with the initial assessment presumptively placing him in risk level two and should not be counted again. He further found that petitioner's advanced age was not a mitigating factor because he committed the crimes when he was in his 70s. Lastly, re-

spondent was not persuaded that the letters written by petitioner's daughters warranted a downward departure. In light of these considerations, we cannot say that respondent abused his discretion in declining to adopt the Board's recommendation that petitioner be classified as a level one sex offender.

We reach a different conclusion, however, with respect to respondent's upward departure from the presumptive risk assessment of level two to level three. In that regard, we note that the risk level assessment must be supported by clear and convincing evidence in the record (*see*, Correction Law § 168-n [3]; *see also, People v Marinconz*, 178 Misc 2d 30, 33). Petitioner scored a total of 100 points on the assessment instrument presumptively placing him within level two (moderate risk). Respondent determined that he should be categorized a violent sexual predator and placed in risk level three because he did not fully accept responsibility for his actions, blaming his conduct on his medical problems, sexual performance problems, marital difficulties and stress. The record, however, does not contain clear and convincing evidence in that regard. To the contrary, Richard Hamill, a psychologist who evaluated petitioner, opined that he possessed a high degree of guilt and remorse, was honest and open with the details of his sexual offenses and did not exhibit a predatory pattern, rendering him a minimal risk of reoffending. Karen Albertuzzi, a family therapist, similarly noted that petitioner expressed deep regrets concerning the events leading to his imprisonment. In addition, the presentence report disclosed that petitioner accepted responsibility for his actions and was repulsed by his own behavior. Furthermore, the record reveals that petitioner participated in various treatment programs while in prison and was receptive to counseling. In light of the foregoing, respondent's determination classifying petitioner as a level three sex offender is annulled and he is reclassified as a level two sex offender.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is annulled, on the facts, without costs, and petition granted to the extent of reclassifying petitioner as a level two sex offender under the Sex Offender Registration Act (Correction Law art 6-C).