■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM A. BOTTISTI, Appellant. [727 NYS2d 787] —Carpinello, J. Appeal from an order of the County Court of Fulton County (Feldstein, J.), rendered June 23, 2001, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1996, defendant was convicted upon his plea of guilty of sexual abuse in the first degree stemming from his sexual contact with a nine-year-old girl over an eight-month period. He was sentenced to 3 to 6 years of imprisonment and released on parole. In preparation for his release, defendant was evaluated by the Board of Examiners of Sex Offenders to determine his risk level classification for recommitting a sexual offense pursuant to the Sex Offender Registration Act (Correction Law art 6-C). Having scored 90 points on the risk assessment instrument, he was presumptively classified at risk level II. Following a hearing, however, County Court classified him at the higher risk level III, prompting this appeal.

An upward departure from the presumptive risk level is war-

ranted where it is supported by clear and convincing evidence in the record (*see, Matter of Vandover v Czajka*, 276 AD2d 945, 947; *see also*, Correction Law § 168-n [3]). Here, the record reveals that defendant has a 1991 conviction for sexual abuse in the second degree involving his 11-year-old stepdaughter. As a result of that conviction, he underwent 1½ years of sex offender counseling which was obviously unsuccessful as he subsequently committed the instant offense. Moreover, notwithstanding his prior counseling, he continued to fantasize about children and he continued to place himself in situations where he would be alone with children. These latter facts, which were supported by clear and convincing evidence and were not considered by the risk assessment instrument, justified the upward departure.

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.