■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MALLORY, Appellant. [740 NYS2d 530] —Crew III, J. Appeal from an order of the County Court of Columbia County (Leaman, J.), rendered April 13, 2001, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

In this appeal from County Court's sex offender risk level classification, defendant contends that the court erred in increasing his classification from the risk level I recommended by the Board of Examiners of Sex Offenders to the risk level II requested by the People. Although the court was not bound by the recommendation of the Board, "the risk level assessment must be supported by clear and convincing evidence in the record" (*Matter of Vandover v Czajka*, 276 AD2d 945, 947).

The Board's recommendation in this case was based upon defendant's score upon a risk assessment instrument in which no points were assessed for the category entitled "Acceptance of responsibility." Based upon the case summary, County Court found that defendant had portrayed the underlying incident as "happenstance * * * as opposed to a willful and focused act." Accordingly, the court concluded that defendant should be assessed an additional 10 points on the risk assessment instrument for failing to accept responsibility. We agree with defendant that the record does not support County Court's departure from the classification recommended by the Board.

The case summary statement upon which County Court relied referred only to the circumstances surrounding the victim's arrival at defendant's trailer. According to the case summary, defendant described the victim's arrival as unexpected, while the victim's statement implied that he was lured to the trailer by defendant. The crime of attempted sexual abuse in the first degree, however, occurred after the victim arrived at defendant's trailer, and the circumstances surrounding the victim's arrival at the trailer had no relevance to

defendant's guilt of the crime committed thereafter. The case summary contains nothing to show that defendant viewed his conduct after the victim arrived at the trailer as anything less than the crime of attempted sexual abuse in the first degree. Indeed, the only evidence in the record on this issue is the transcript of the plea, in which defendant clearly acknowledged his commission of the crime, and the presentence report, which described defendant's admission of acts constituting the crime, his acknowledgment of the impact of his criminal conduct on the victim and his expression of remorse for that conduct. In contrast, there is no evidence in the record that defendant attempted to deny or downplay his commission of the acts constituting the crime to which he entered his plea. Accordingly, the record does not support County Court's departure from the classification recommended by the Board (*compare, Matter of Vandover v Czajka, supra, with People v Chilson*, 286 AD2d 828, *lv denied* 97 NY2d 655).

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level I sex offender under the Sex Offender Registration Act.