■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. THOMAS, JR., Appellant. [762 NYS2d 548] —Appeal from an order of Genesee County Court (Noonan, J.), entered February 4, 2002, which determined that defendant is a level three risk under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant was convicted upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65), stemming from his attack on a coworker in

December 1998, and was sentenced to an indeterminate term of imprisonment of 2 to 4 years. The Board of Examiners of Sex Offenders (Board) recommended that, upon his release from prison, defendant be determined to be a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), and County Court adopted the Board's recommendation. Contrary to defendant's contention, the court's determination is supported by clear and convincing evidence (*see generally People v Mallory*, 293 AD2d 881 [2002]; *Matter of Vandover v Czajka*, 276 AD2d 945, 947 [2000]). Although defendant's point total on the Board's Risk Assessment Instrument was 75, presumptively placing defendant in the classification of a level two risk (*see People v David W.*, 95 NY2d 130, 135 [2000]), the court properly determined that the Board's risk assessment score did not fully take into account the number and nature of defendant's prior misdemeanor sex offenses and a prior violent felony conviction (*see* Correction Law § 168-n [3]; *see also People v Bottisti*, 285 AD2d 841 [2001]; *People v Harris*, 178 Misc 2d 858, 860-861 [1998]). Present— Wisner, J.P., Hurlbutt, Burns, Lawton and Hayes, JJ.