THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK STEVENS, Appellant. [771 NYS2d 459]—

Appeal from an order of the Erie County Court (Michael F. Pietruska, J.), entered March 1, 2002. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant was convicted upon his plea of guilty of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]), stemming from his having subjected a 14-year-old girl to sexual contact by forcible compulsion after making her acquaintance on an adult telephone "chat line." County Court sentenced defendant to an indeterminate term of imprisonment of 1⅓ to 4 years. The Board of Examiners of Sex Offenders (Board) recommended that, upon his release from prison, defendant be classified as a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, the court's determination adopting the Board's recommendation is supported by clear and convincing evidence (*see generally People v Thomas*, 307 AD2d 759, 760 [2003]; *People v Mallory*, 293 AD2d 881 [2002]; *Matter of Vandover v Czajka*, 276 AD2d 945, 947 [2000]). Although defendant was presumptively classified as a level two risk based on his point total on the Board's risk assessment instrument (*see People v David W.*, 95 NY2d 130, 135 [2000]), the court properly adopted the Board's recommendation of an upward departure to a level three risk. Here, the presumptive

risk level did not fully take into account the number and nature of defendant's prior crimes or the fact that defendant acknowledged herein that he had made the acquaintance of another 14-year-old girl on the "chat line," met her in person, and had conversations with her of a sexual nature, including telling her of his sexual activity with the victim in this case (*see* Correction Law § 168-n [3]; *see also People v Bottisti*, 285 AD2d 841 [2001]; *People v Harris*, 178 Misc 2d 858, 860-861 [1998]). We have examined the remaining contentions of defendant in his pro se supplemental brief and conclude that they are lacking in merit. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.