■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLLAZO, Appellant. [775 NYS2d 887]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 5, 2001, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

The Board of Examiners of Sex Offenders determined that the appellant should be classified as a level two sex offender. Over the appellant's objection, the Supreme Court granted the People's application to have the appellant classified at level three. The court based its determination on its conclusion that the defendant had a history of drug or alcohol abuse, and that he therefore should have been assigned an additional 15 points on the "Sex Offender Registration Act Risk Assessment Instrument."

The People did not meet their burden of "proving the facts supporting [the Supreme Court's] determinations . . . by clear and convincing evidence" (Correction Law § 168-n [3]). The mere fact that, on one occasion while he was in prison, the appellant accepted a quantity of marijuana from a visitor, does not prove, much less by "clear and convincing evidence," that, at the time of his classification as a sex offender, he had a history of drug or alcohol abuse, or that he had ever actually used any drug, whether it be alcohol, marijuana, or any other similar substance (*see generally People v Santiago*, 2001 NY Slip Op 40450[U]). The order appealed from therefore must be reversed, and the appellant reclassified as a level two sex offender (*see People v Mallory*, 293 AD2d 881 [2002]). Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.