■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT McCORMICK, Appellant. [801 NYS2d 432]—

Carpinello, J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered April 2, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to attempted rape in the first degree, stemming from his attack on a 17-year-old girl, and was sentenced as a second felony offender to a prison term of six years. Prior to his release, the Board of Examiners of Sex Offenders evaluated and presumptively classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). The Board found defendant's total risk factor score was 120 points. At a hearing at which defendant appeared and was represented by counsel, defendant challenged the points assessed in three categories of the risk assessment instrument, to wit: 15 points for having a history of drug abuse, 10 points for failing to accept responsibility, and 15 points for release without supervision. County Court reduced the total score to 110 points, the minimum score for a level III classification, on the basis that defendant had accepted responsibility. As to defendant's history of drug abuse, while County Court agreed that defendant had successfully addressed this issue by completing substance abuse treatment while incarcerated, the court nonetheless stated that it was "not permitted to take [that] into account." County Court thereupon designated defendant as a risk level III sex offender, prompting the instant appeal.

To be sure, the Board is required to submit to the sentencing court a recommendation of the appropriate risk level regarding a sex offender, and the sentencing court is charged with making the actual determination (see People v Stevens, 91 NY2d 270, 276 [1998]). In the exercise of its discretion, however, the court may depart from the Board's recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record (see Matter of Vandover v Czajka, 276 AD2d 945, 946 [2000]; see also Matter of New York State Bd. of Examiners of Sex Offenders v Ransom, 249 AD2d

891, 891-892 [1998]). Moreover, "[a] departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Guaman*, 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [Nov. 1997]). There must exist clear and convincing evidence of the existence of a special circumstance to warrant an upward or downward departure (*see People v Bottisti*, 285 AD2d 841, 841-842 [2001]; *see also People v Hampton*, 300 AD2d 641, 641 [2002], *lv denied* 99 NY2d 510 [2003]).

In the case at bar, County Court erred when it stated that it was powerless to consider the potential mitigating circumstance of defendant's successful drug treatment. Whether any such mitigating factor warranted a reduction was for County Court to decide in its sound discretion (*see Matter of Vandover v Czajka, supra* at 946; *see also Matter of New York State Bd. of Examiners of Sex Offenders v Ransom, supra* at 891-892). While the People maintain that a downward departure was not supported by clear and convincing evidence, they concede that County Court had the discretion to consider defendant's challenges to the Board's recommendation. In light of the foregoing, the matter must be remitted to County Court to determine whether any mitigating circumstances indeed exist.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.