THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO A. MIRANDA, Appellant. [806 NYS2d 729]—

Spain, J. Appeal from an order of the County Court of Montgomery County (Catena, J.), entered October 25, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant waived indictment and pleaded guilty to rape in the third degree in satisfaction of a superior court information in exchange for a promised one-year jail sentence, based upon admittedly having sexual intercourse with a 14-year-old girl (the victim) in May 2000. Prior to sentencing, defendant was arrested and later indicted for criminal possession of a weapon in the third degree, to which he pleaded guilty pursuant to an agreement in which he received a 2 to 6-year sentence, which was made concurrent to an enhanced 1¹/₃ to 4-year sentence on the rape plea. Prior to his release, the Board of Examiners of Sex Offenders evaluated and presumptively classified him as a risk level II sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board recommended an upward departure to risk level III based upon the case summary, which concludes that he is "likely to re-offend due to his

propensity to associate with teenaged girls rather than age-mates," citing defendant's marriage in Puerto Rico to a 12-year-old girl in 1988 and his involvement with three other 14-year-old girls in the summer of 2000. The case summary also found that defendant's "disregard for authority" made him a significant risk to reoffend.

At the hearing, the People maintained that an upward departure was warranted and that defendant should be classified as a risk level III sex offender. Defendant appeared with counsel and testified, disputing the 15 points assigned under the "Criminal History" part of the risk assessment instrument for drug or alcohol abuse. Defendant also disputed the accuracy of the case summary, testifying that he had married his wife in 1993 when she was 17 (not 12) and that the presentence report was inaccurate. The court received, as exhibits, the victim's and defendant's written statements concerning the rape, the case summary, defendant's Division of Criminal Justice Service criminal history, and the presentence report.

County Court designated defendant as a risk level III sex offender, prompting this appeal. We must reverse and remit as County Court failed, as required, to "render an order setting forth its determinations and the findings of facts and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; *see* Correction Law § 168-d [3]). While "[a] departure from the presumptive risk level [may be] warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Guaman,* 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4, No. 6 [Nov 1997]; *see People v McCormick,* 21 AD3d 1221, 1222 [2005]), the People bear the burden of establishing by clear and convincing evidence special circumstances which justify an upward departure from the presumptive level (*see People v Arotin,* 19 AD3d 845, 847 [2005]).

Here, at the end of the hearing, County Court summarily agreed with the Board that the upward departure was warranted, orally explaining that this was "based upon the facts and circumstances of this specific case . . . and the contents of the documents which have been received by this [c]ourt." In its written order—which erroneously states that defendant's conviction was for "[s]odomy in the [t]hird [d]egree (Penal Law § 130.40 [2])"—the court recited that it had considered the documents received as exhibits and the arguments at the hearing and "this court's findings set forth on the record of the hearing," although no such findings can be found aside from

the court's adoption of all of the Board's scores on the risk assessment instrument (which totaled 85). The only explanation offered by the court for the upward departure was that it was "warranted based upon defendant's criminal history, his disregard for authority, and the recency argument contained in the Board's case summary." In our view, such a generic listing of factors fails to fulfill the statutory mandate that the sentencing court set forth "findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]), precluding meaningful appellate review of the propriety of the court's risk level assessment (*see People v McCormick, supra; People v Marr,* 20 AD3d 692, 693 [2005]; *People v Sanchez,* 20 AD3d 693, 694-695 [2005]; *People v Hill,* 17 AD3d 715, 716 [2005]; *People v Hoppe,* 1 AD3d 712, 713 [2003]; *People v Sturdivant,* 307 AD2d 382, 383 [2003]). It bears repeating that it is "the sentencing court [which] is charged with making the actual determination" (*People v McCormick, supra* at 1221), and it is the court's factual findings and conclusions that we review on appeal and which must be set forth in its determination and supported by clear and convincing evidence (*see* Correction Law § 168-n [3]).

Since remittal is necessary, we note that it is unclear whether County Court's stated reliance upon defendant's "criminal history" to justify upward departure duplicated the five points defendant had already been assessed in the criminal history category ("prior history/no sex crimes or felonies") of the risk assessment instrument (*see People v Mount,* 17 AD3d 714, 715 [2005]). Also, as the Board's case summary appeared to recognize, defendant's history of arrests without convictions cannot result in the assessment of points under "criminal history" (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6, No. 10), as the fact that defendant was arrested "is not, by itself, evidence that the offense occurred," and the fact that he was "not indicted for an offense may be strong evidence that the offense did not occur" (*id.* at 5, No. 7). Further, to the extent that the court may have used defendant's history of arrests, by itself, to justify an upward departure where that history would be precluded from use in the instrument calculations, such a practice is of doubtful validity, as an upward departure must be based upon "aggravating or mitigating factor[s] of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (*id.* at 4, No. 6); it is not a tool for circumventing factors precluded by the risk assessment instrument. With regard to the court's reference to the "recency" factor, premised presumably on defendant's *subsequent* arrest on a weapons possession charge, no points were as-

signed for this on the risk assessment instrument under the "recency" category of "criminal history," and indeed this category pertains only to the recency of a "prior felony or sex crimes." Defendant was not assessed any points for "post-offense behavior" and the court made no finding that this factor was not adequately taken into account by the guidelines.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this Court's decision.