Rudolph, EJ.
(dissenting and voting to affirm the order, insofar as appealed from). Defendant was initially charged with rape in the third degree (Penal Law § 130.25, a class E felony), in that between June 19, 2004 and June 20, 2004, being about 23 years of age at the time, he engaged in “consensual” intercourse with a minor. Subsequent thereto, defendant entered a plea of guilty to sexual misconduct (Penal Law § 130.20, a class A misdemeanor) and received a negotiated sentence of six years’ probation with sex offender conditions.
Following said plea, defendant was deemed a sex offender pursuant to section 168-a of the Correction Law. In accordance with the Sex Offender Registration Act (Correction Law art 6-C), a hearing was held before the court to determine defendant’s appropriate risk level. Following the hearing, the court, based upon a risk assessment instrument score of 90, concluded that defendant’s presumptive risk level was moderate and found defendant to be a level two sex offender. In addition, the court noted that it found no basis to grant defendant’s counsel’s application for a departure from the presumptive risk level.
After reviewing the record, it is my opinion that the court’s assessment of 15 points for alcohol and drug abuse should not be disturbed. The court based said assessment upon defendant’s admission that he had started using marihuana and drinking after his parents died and he moved out of his grandmother’s *110 house to live with friends in 1996 or 1997, approximately 10 years ago. Although defendant alleges that he stopped, he admitted that he smoked marihuana again on July 31, 2005 because it was his deceased mother’s birthday. The use of marihuana on one occasion is not sufficient to establish by clear and convincing evidence that a defendant had, at the time of his classification, a history of drug and alcohol abuse (see People v Collazo, 7 AD3d 595 [2004]). However, defendant’s statement, together with his recent use of marihuana, was sufficient to support the court’s finding by clear and convincing evidence that he has a history of drug and alcohol abuse (cf. People v Abdullah, 31 AD3d 515 [2006]). I note that I am in agreement with the majority that the 10 point assessment based on inappropriate living arrangements should not be disturbed.
Contrary to the majority’s opinion, I am of the view that the court’s denial of defendant’s request for a departure from the presumptive risk level did not constitute an improvident exercise of discretion. Defendant’s failure to cooperate with probation in arranging for an inspection of his living arrangements and his admitted recent use of marihuana were, standing alone, sufficient to warrant denial of his request.
Tanenbaum and LaCava, JJ, concur; Rudolph, EJ., dissents in a separate memorandum.