■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT MILLAR, Appellant. [845 NYS2d 608]—

Appeal from an order of the Supreme Court, Erie County (Joseph S. Forma, J.), entered April 4, 2006. The appeal was held by this Court by order entered April 20, 2007, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (39 AD3d 1181 [2007]). The proceedings were held and completed (Christopher J. Burns, J.).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We previously held this case, reserved decision and remitted the matter to Supreme Court to comply with Correction Law § 168-n (3) by setting "forth the findings of fact and conclusions of law upon which its determination" of defendant's risk level pursuant to the Sex Offender Registration Act (§ 168 *et seq.*) was based (*People v Millar*, 39 AD3d 1181 [2007]). The Board of Examiners of Sex Offenders (Board) initially assessed defendant as a level one risk but recommended an upward departure to level two, based in part on its findings that defendant had continued to download child pornography after his arrest and had fabricated a story of childhood sexual abuse to explain his actions. Upon remittal, we conclude that the court properly agreed with the Board that the upward departure to a level two risk was warranted, and we thus conclude that the court's determination of defendant's risk level is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Delmarle*, 2 AD3d 1446, 1447 [2003], *lv denied* 2 NY3d 702 [2004]). The record establishes that the court relied upon the facts contained in the case summary, which were not in dispute, and those facts provided the requisite evidentiary support for the court's determination (*see People v McDaniel*, 27 AD3d 1158, 1159 [2006], *lv denied* 7 NY3d 703 [2006]). Indeed, the case summary set forth that defendant continued to fantasize about children, and that fact "justified the upward departure" (*People v Bottisti*, 285 AD2d 841, 842 [2001]). Present—Scudder, P.J., Smith, Fahey, Peradotto and Pine, JJ.