■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CASEY C. BURKE, Appellant. [889 NYS2d 756]—

Stein, J.

Defendant was convicted upon his guilty plea of one count of rape in the third degree in satisfaction of charges that, in the late night and early morning hours of July 9-10, 2005, when he was 23 years old, he engaged in sexual activity with four victims under the age of 17. As his release date from prison approached, the Board of Examiners of Sex Offenders presumptively classified defendant as a risk level three sex offender, based upon the number of points scored (135) on the risk assessment instrument, computed in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). However, the Board recommended a downward departure to risk level two. A hear-

ing was held, at which defendant argued, among other things, that County Court should direct a downward departure to risk level one.[1] After the hearing, County Court ultimately declined to direct any downward departure and classified defendant as a risk level three sex offender, based upon the points it determined were properly assessed (125). Defendant appeals.

Initially, we note that, in determining an offender's risk level, the guidelines seek to address the probability of reoffense and the harm therefrom (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 2 [2006]). The guidelines were developed in accordance with the statutory mandate that specific factors be addressed (*see* Correction Law § 168-*l* [5]). However, those factors were not intended to be exclusive (*see* Correction Law § 168-*l* [5]). Indeed, while the Board has determined that utilization of the risk assessment instrument will generally "result in the proper classification in most cases," it also recognized "that an objective instrument, no matter how well designed, will not fully capture the nuances of every case" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Therefore, the risk assessment guidelines provide for the possibility of a departure from the presumptive risk level in those circumstances where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]).

Here, the Board recommended a departure to risk level two based upon its determination that the victims' lack of consent was based solely on their ages and that their ages were not significantly disparate from defendant's. The Board further indicated that at least one of the victims admitted that "some or most" of the sexual contact between defendant and the victims was initiated by the victims.[2] In further support of a downward departure, defendant asserted that he was intoxicated at the time of the offense and that he had subsequently completed sex offender and drug and alcohol rehabilitation treatment while incarcerated.

While the Board's recommendation was not binding on County Court (*see People v Woodard*, 63 AD3d 1655, 1655-1656 [2009], *lv denied* 13 NY3d 706 [2009]; *Matter of VanDover v Czajka*, 276 AD2d 945, 946 [2000]), there are significant issues

---

**1.** On appeal, defendant is requesting a downward departure to risk level two.

**2.** A review of this victim's detailed sworn written deposition indicates that at least two of the victims actively pursued and encouraged such contact.

in the limited record before us as to whether it has been shown, by the requisite standard of clear and convincing evidence, that defendant presents a substantial risk of reoffense or threat to public safety (*see generally* Correction Law § 168-*l* [5]). However, County Court did not set forth findings of fact and conclusions of law underlying its determination in the written order as required by Correction Law § 168-n (3) and, in rejecting a downward departure from risk level three, only addressed the age differential between defendant and the victims in its oral decision on the record. Therefore, we are unable to discern whether County Court considered the other arguments advanced by the Board and by defendant or any other pertinent considerations in support of a downward departure, and the record is insufficient to allow "meaningful appellate review of the propriety of the court's risk level assessment" (*People v Miranda*, 24 AD3d 909, 911 [2005]). Considering the long-standing and severe consequences that defendant will incur arising from his designation as a risk level three sex offender, it is imperative that the record be fully developed to ascertain whether the underlying statutory purpose of such designation will be met under the particular circumstances of this case. Accordingly, we must remit the matter to County Court (*see People v Miranda*, 24 AD3d at 911; *see generally People v Sturdivant*, 307 AD2d 382, 383 [2003]).

Rose, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.