# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1085
KA 11-01100
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

WILLIAM G. WHYTE, DEFENDANT-APPELLANT.

---

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, SR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Ontario County Court (Craig J. Doran, J.), dated January 25, 2011. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). The Board of Examiners of Sex Offenders (Board) prepared a risk assessment instrument (RAI) that classified defendant as a level one risk. Following a hearing, however, County Court agreed with the People that additional points should be assessed under three risk factors, and thus defendant was presumptively classified as a level two risk. The court also noted that, in the event that it had not assessed the additional points, it "would [have found] that an upward departure [was] supported by the evidence."

Contrary to defendant's contention, the court "is not bound by the recommendation of the Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record" (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892). Defendant's further contention that the court erred in assessing additional points under risk factor five is not preserved for our review (*see generally People v Smith*, 17 AD3d 1045, *lv denied* 5 NY3d 705). We reject defendant's contention that the court erred in assessing points under the other two risk factors at issue. The court properly assessed points under risk factor three because "the record reveals that a second underage [child] was present during defendant's criminal conduct" (*People v Milton*, 55 AD3d 1073; *see also People v Ramirez*, 53 AD3d 990, *lv*

*denied* 11 NY3d 710).  In addition, the court properly assessed points under risk factor four inasmuch as the female victim's grand jury testimony and admissions made by defendant, which were admitted in evidence at the hearing, were sufficient to establish that defendant engaged in a continuing course of sexual misconduct with that victim (*see People v Callan*, 62 AD3d 1218; *People v Rouff*, 49 AD3d 517, *lv denied* 10 NY3d 714).

We reject defendant's further contention that the court erred in failing to determine that he was entitled to a downward departure from the presumptive risk level, inasmuch as defendant failed to present clear and convincing evidence of special circumstances warranting a downward departure (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708; *People v McDaniel*, 27 AD3d 1158, *lv denied* 7 NY3d 703; *see generally People v Dexter*, 21 AD3d 403, *lv denied* 5 NY3d 716).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court