■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW C. DARRAH, Appellant. [61 NYS3d 390]—

Lynch, J. Appeal from an order of the County Court of Saratoga County (Murphy, J.), entered March 17, 2016, which classified defendant as a risk level two sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to sexual abuse in the first degree and was sentenced to six months in jail and 10 years of probation. County Court thereafter classified defendant as a risk level two sex offender and a sexually violent offender (105 points) pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant now appeals.

"The People must establish the proper risk level classification by clear and convincing evidence, which may include reliable hearsay such as the risk assessment instrument, case summary, presentence investigation report and statements provided by the victim to police" (*People v Good*, 88 AD3d 1037, 1037 [2011] [citations omitted], *lv denied* 18 NY3d 802 [2011]; *see People v Belile*, 108 AD3d 890, 890 [2013], *lv denied* 22 NY3d 853 [2013]). We reject defendant's challenge to County Court's assessment of 25 points under risk factor 2, sexual conduct with the victim. In assessing the points, County Court properly considered statements by the 12-year-old victim to her mother and to a police investigator that defendant engaged in oral sexual conduct with her (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]; *People v Willette*, 67 AD3d 1259, 1261 [2009], *lv denied* 14 NY3d 704 [2010]; *see also* Penal Law § 130.00 [2] [a]).

We also reject defendant's contention that County Court erred in assessing him 20 points under risk factor 3 for having two victims. "County Court was not limited to the crime to which defendant pleaded guilty but could, instead, consider reliable hearsay evidence in the record, including evidence that defendant engaged in criminal conduct against one child in the presence of a second child" (*People v Clavette*, 96 AD3d 1178, 1179-1180 [2012] [internal quotation marks and citations omitted], *lv denied* 20 NY3d 851 [2012]; *see People v Whyte*, 89 AD3d 1407, 1408 [2011]; *People v Milton*, 55 AD3d 1073, 1073 [2008]). Inasmuch as the record reflects that the victim's younger sister was present during defendant's criminal conduct,

County Court's assessment of 20 points under risk factor 3 was justified (*see People v Clavette*, 96 AD3d at 1180; *People v Whyte*, 89 AD3d at 1408). Further, we find no merit to defendant's contention that he should not have been assessed five points under risk factor 9 because his prior crimes were nonsexual in nature and occurred several years prior to his sex crime, given that the assessment of five points in this category is appropriate if a defendant "has *any* criminal history other than a felony or sex crime" (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006] [emphasis added]).

We agree, however, with defendant that remittal is required with respect to his request for a downward departure. At the hearing, defendant requested a downward departure to a classification of a risk level one sex offender based upon, among other things, psychological evaluations done on his behalf. In classifying defendant as a risk level two sex offender, County Court did not address defendant's request for a downward departure in the written order, as required by Correction Law § 168-n (3), or at the hearing, "precluding meaningful appellate review of the propriety of the court's risk level assessment" (*People v Miranda*, 24 AD3d 909, 911 [2005]; *see People v Filkins*, 107 AD3d 1069, 1070-1071 [2013]; *People v Burke*, 68 AD3d 1175, 1177 [2009]). Accordingly, we remit the matter to County Court for a disposition that complies with the statutory requirements (*see People v Filkins*, 107 AD3d at 1071; *People v Burke*, 68 AD3d at 1177).

McCarthy, J.P., Egan Jr., Devine and Pritzker, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision.