People v Fredenburg (2024 NY Slip Op 02233)

People v Fredenburg

2024 NY Slip Op 02233

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

533009
[*1]The People of the State of New York Respondent,
v
Scott M. Fredenburg, Appellant.

Calendar Date:March 29, 2024

Before:Garry, P.J., Clark, Pritzker, Ceresia and Mackey, JJ.

Michael T. Baker, Public Defender, Binghamton, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Benjamin E. Holwitt of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Broome County (Kevin P. Dooley, J.), entered July 20, 2020, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2019, defendant was convicted upon his plea of guilty of sexual abuse in the first degree — satisfying a five-count indictment that also charged, among other things, rape in the first degree — and was sentenced to a prison term of two years followed by 10 years of postrelease supervision. The charges stemmed from allegations that defendant, on five separate occasions between August 15, 2015 and January 10, 2016, engaged in sexual intercourse, oral sexual conduct and sexual contact by forcible compulsion with the then-13-year-old victim. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level two sex offender with a total score of 95 points under the Sex Offender Registration Act (see Correction Law art 6-C), and the People adopted that assessment. At the hearing that followed, defendant contested the 10 points assessed under risk factor 1 (use of forcible compulsion), the 25 points assessed under risk factor 2 (sexual intercourse with the victim) and the 15 points assessed under risk factor 11 (history of drug or alcohol abuse). County Court found that the 95 points assessed were supported by clear and convincing evidence and, finding no mitigating and aggravating evidence warranting any departure, classified defendant as a risk level two sex offender with a sexually violent offender designation. Defendant appeals, and we affirm.
Initially, with regard to defendant's challenge to the assessment of points for use of forcible compulsion in the commission of the instant offense, defendant pleaded guilty to sexual abuse in the first degree pursuant to Penal Law § 130.65 (1) — a necessary element of which is forcible compulsion (see People v Law, 94 AD3d 1561, 1562 [4th Dept 2012], lv denied 19 NY3d 809 [2012]). Inasmuch as "[f]acts previously . . . elicited at the time of entry of a plea of guilty shall be deemed established by clear and convincing evidence and shall not be relitigated" for purposes of a sex offender registration determination (Correction Law § 168-n [3]), the assessment of 10 points under risk factor 1 for the use of forcible compulsion was properly assessed by County Court on this basis alone (see People v Law, 94 AD3d at 1562).
In addition, County Court, in deciding whether the People met their burden of establishing defendant's appropriate risk level classification by clear and convincing evidence, may consider reliable hearsay information such as the risk assessment instrument, case summary, presentence report and statements provided by the victim to police (see People v Mingo, 12 NY3d 563, 571-577 [2009]; People v Alexander, 170 AD3d 1382, 1384 [3d Dept 2019], lv denied 33 NY3d 912 [2019]; People [*2]v Darrah, 153 AD3d 1528, 1528 [3d Dept 2017]). Defendant contends that the victim's 2018 sworn statement on which the court relied in assessing points for use of forcible compulsion (risk factor 1) and sexual intercourse (risk factor 2) did not constitute reliable hearsay evidence. Specifically, defendant asserts that the victim's 2018 sworn statement on which the court relied was inconsistent with the victim's prior 2016 sworn statement — which alleged nearly identical conduct by defendant during the same time frame as the instant offense and which led to defendant's 2016 conviction of attempted sexual abuse in the first degree — wherein she denied that defendant touched her under her clothes. In relying on the victim's 2018 statement, the court noted that the victim's subsequent disclosure of additional sexual abuse by defendant was divulged while the young victim was in therapy. Further, the presentence report notes that, when interviewed by police, the victim stated that she did not previously disclose that defendant had forcible sexual intercourse with her "because she was scared and didn't want people to look at her differently." In view of the foregoing, we find that the victim's 2018 statement constitutes reliable hearsay which was properly considered by the court in establishing the requisite clear and convincing evidence warranting the assessment of points under risk factors 1 and 2 (see People v Mahar, 208 AD3d 1612, 1613 [4th Dept 2022], lv denied 39 NY3d 906 [2023]; People v Darrah, 153 AD3d at 1528; People v LaRock, 45 AD3d 1121, 1122-1123 [3d Dept 2007]).
Finally, although defendant contends, and the People concede, that there was insufficient evidence to establish a history of drug or alcohol abuse in order to assess 15 points under risk factor 11 (see People v Saunders, 156 AD3d 1138, 1139-1140 [3d Dept 2017]), subtracting those points results in a total of 80 points, which still places defendant within the risk level two classification. As such, there is no basis to disturb County Court's determination classifying defendant as a risk level two sex offender.
Garry, P.J., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.