OPINION OF THE COURT
Arthur J. Cooperman, J.
May a court, in assessing a convicted sex offender’s risk level pursuant to the Sex Offender Registration Act (Correction Law *178 § 168 et seq.), consider a crime to which he did not plead guilty as a “current offense” risk factor?
Defendant was indicted for the crimes of rape in the first degree, kidnapping in the second degree, sexual abuse in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree and petit larceny.
On July 6, 1995, defendant’s trial jury was unable to agree upon a verdict. A mistrial was declared.
On February 26, 1996, defendant failed to appear in court. A bench warrant was issued for his arrest. On April 24, 2000, defendant was involuntarily returned on the warrant.
On July 19, 2000, defendant pleaded guilty to sexual abuse in the first degree, and was sentenced to 364 days’ incarceration on August 14, 2000.*
He is scheduled to be released on November 2, 2001. The New York State Board of Examiners of Sex Offenders has submitted a risk assessment instrument in which it recommends that the court set a risk level 2 (moderate) pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.).
Defendant now challenges the Board of Examiners’ proposed risk level 2 designation, claiming that under the current offense section on the risk level assessment instrument he should not be assessed 30 points for being armed with a dangerous instrument and 25 points for sexual intercourse with the victim. He states that because he pleaded guilty only to sexual abuse in the first degree these factors have not been established.
A hearing was held.
The People submitted transcripts of the victim’s Grand Jury and trial testimony and the transcript of defendant’s plea proceedings. The prosecutor argued that this material establishes that defendant had forcible sexual intercourse with the victim while armed with a knife.
The court has examined the papers submitted and has considered the arguments of counsel.
Findings of Fact
The victim’s Grand Jury testimony on October 20, 1994 and her trial testimony on June 26, 1995 indicate that: on October *179 14, 1994, at approximately 6:00 p.m., defendant was the taxi driver who drove the victim to Kennedy Airport for her return trip to France; during the ride defendant threatened her with a knife, forcibly took off her clothes, had sexual intercourse with her, and touched her breasts.
At trial, photographs of scratches on the victim’s arms were admitted into evidence. Defendant’s statement to the police, admitted into evidence, indicated that he drove a French woman to the airport in his taxi on October 14, 1994.
During his plea allocution, defendant admitted to transporting the victim in his taxi from Manhattan to Kennedy Airport on October 14, 1994. He stated that during the ride he touched the victim’s breast with his mouth and hand and that she tried to prevent him from doing so. Defendant stated that he touched her by means of forcible compulsion.
Conclusions of Law
The Sex Offender Registration Act, effective January 21, 1996, sought to address the need to protect the public from the risk of repeat offenses by perpetrators of sex crimes (Correction Law § 168 et seq.; People v Cropper, 170 Misc 2d 631). The Act requires that sex offenders be assessed a risk level prior to release from incarceration (Correction Law § 168-Z [6]).
The risk level is determined by assigning a numerical value to the existence of certain risk factors. In this case, the Board of Examiners of Sex Offenders arrived at a presumptive risk level of 2 for this offender by finding a score of 90 points, which fell within the numerical limits established for that designation.
Due process mandates that the State bear the burden of proof to support its proposed risk level by clear and convincing evidence (Doe v Pataki, 3 F Supp 2d 456; People v Salaam, 174 Misc 2d 726).
In assessing risk, the Board or the court may rely upon the case file, the sex offender’s admissions, the victim’s statements, the evaluative reports of the supervising probation or parole officer, or correction counselor, or any other reliable source (see, Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [Nov. 1997]; People v Marinconz, 178 Misc 2d 30).
Under Correction Law § 168-n (2), after receiving a risk assessment recommendation from the Board, the sentencing court must make a final judicial determination with respect to *180 the level of public notification to be given to local authorities upon the offender’s release into the community (People v Saldam, supra).
In determining the risk level, points may be assigned for a current offense, provided that the necessary factors are proven by clear and convincing evidence.
In People v Jimenez (178 Misc 2d 319), the defendant had pleaded guilty to one count of attempted rape of a 10-year-old child to satisfy sex offense charges involving that child and her 15-year-old sister. The court determined that although defendant did not plead guilty to any crimes involving the older child, the Board of Examiners’ assignment of 20 additional points for the “two victims” classification was proper.
In Matter of Youngs v Division of Probation & Correctional Alternatives (175 Misc 2d 51), the defendant was convicted of one of two counts of statutory rape. The court held that based upon the victim’s sworn statement and her taped conversation with defendant, he could be assessed an additional 10 points for “forcible compulsion.”
In another case, a defendant had pleaded guilty to fondling an eight-year-old boy. The presentence report revealed that defendant had also kissed the child’s four-year-old brother in the mouth. The court found that because there existed clear and convincing evidence of this other offense, defendant deserved additional points for “two victims.” (People v Marinconz, supra.)
In determining the risk factors here, this court is not limited to the single charge of sexual abuse in the first degree to which defendant pleaded guilty.
The sworn Grand Jury and trial testimony of the victim, the photographs of her injuries admitted at trial, and defendant’s statement to the police, demonstrate by clear and convincing evidence that defendant was in the taxi with the victim, that he possessed a knife and that he did have forcible sexual intercourse with her. The plea allocution corroborates the victim’s prior testimony that defendant forcibly had sexual contact with her.
Under these circumstances, the Board of Examiners’ calculations of 30 points and 25 points for being armed with a dangerous instrument and having sexual intercourse with the victim, respectively, are not arbitrary and capricious.
*181 The court is satisfied that the total risk factor score of 90 resulting in a risk level 2 (moderate) is appropriate.
Accordingly, the court’s final determination is that defendant is a risk level 2 under the Sex Offender Registration Act.

 The Sex Offender Registration Act defines a “sexually violent offense” as a conviction of any of the provisions of Penal Law §§ 130.35, 130.50, 130.65, 130.67 and 130.70 or a conviction of an attempt to commit any of those crimes.