■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN CURETON, Appellant. [750 NYS2d 506] —Appeal by the defendant from an order of the County Court, Nassau County (Carter, J.), dated October 24, 2000, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed.

The defendant contends that his designation as a level three sex offender under New York's Sex Offender Registration Act (*see* Correction Law § 168 *et seq.*) violated his right to due process because the prosecution failed to offer any evidence at the determination hearing. This argument is unpreserved for appellate review. In any event, the procedure by which the defendant was assigned a risk level classification satisfied due process requirements. The defendant was given notice sufficiently in advance of the risk assessment hearing of the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board) and the evidence upon which the Board relied in assessing the defendant's risk classification in order to afford him the opportunity to challenge and rebut the state's contentions. Additionally, he was advised of his right to be represented by counsel at the proceeding (*see Doe v Pataki*, 3 F Supp 2d 456, 472). At the hearing, the prosecution presented clear and convincing evidence to support a risk level three classification in the form of the defendant's criminal record, which included two prior convictions involving violent sex offenses (*see* Correction Law § 168-n [3]; *People v Saleemi*, 186 Misc 2d 177). Florio, J.P., Krausman, Townes and Crane, JJ., concur.