Appeal by the defendant from an order of the County Court, Nassau County (Cotter, J.), dated October 10, 2001, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.
Ordered that the order is affirmed, without costs or disbursements.
The defendant contends that the People’s proof, consisting of a risk assessment instrument and case summary prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), along with the defendant’s presentence report, failed to show by clear and convincing evidence that he should be classified as a level three sex offender. The defendant’s contention is without merit, as is his related contention that he was deprived of due process (see People v Mitchell, 300 AD2d 377 [2002]; People v Cureton, 299 AD2d 532 [2002]; Correction Law § 168-n [3]).
Further, we find no support in the record for the defendant’s contention that his previous conviction for assault did not arise out of a sexual offense. The minutes of the defendant’s plea allocution demonstrated unequivocally that he attempted to have sex with his victim, who resisted. Moreover, we disagree with the defendant’s contention that consideration by the Board of a youthful offender adjudication for sexual abuse in the third degree was improper as a matter of law. The Risk Assessment Guidelines developed by the Board expressly provide that youthful offender adjudications are to be treated as “crimes” for purposes of assessing the defendant’s likelihood of re-offending and danger to public safety (see Risk Assessment Guidelines & Commentary at 6-7, 13; People v Vite-Acosta, 184 Misc 2d 206, 209 [2000]; People v Gardner, 2002 WL 1012547 [2002]; but see People v Bryant, 184 Mise 2d 513 [2000]).
Accordingly, the Board’s assessment of the defendant as a level three sex offender was proper. Smith, J.E, Krausman, Mc-Ginity and Rivera, JJ., concur.