■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD BURGESS, Appellant. [775 NYS2d 534]—Appeal by the defendant from an order of the County Court, Nassau County (Carter, J.), dated October 25, 2000, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that his designation as a level three sex offender violated his right to due process because the prosecution failed to offer any evidence at the determination hearing is unpreserved for appellate review (*see People v Cureton,* 299 AD2d 532 [2002]). In any event, the prosecution presented clear and convincing evidence to support a risk level three classification, in the form of a risk assessment instrument and case summary prepared by the Board of Examiners of Sex Offenders, along with the defendant's presentence report (*see People v Moore,* 1 AD3d 421 [2003]; *People v Mitchell,* 300 AD2d 377 [2002]; *People v Cureton, supra;* Correction Law § 168-n [3]).

We further find that the defendant was given sufficient notice

of the basis of the Board's recommendation, and the notice advised him of his right to pre-hearing discovery (*see* Correction Law § 168-n [3]; *see also Doe v Pataki,* 3 F Supp 2d 456, 472 [1998]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.