■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK GIRUP, Appellant. [780 NYS2d 698]—

Appeal from an order of the Ontario County Court (James R. Harvey, J.), entered April 9, 2003. The order designated defendant a level two offender under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order designating him a level two offender under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The point total on the risk assessment instrument (RAI) prepared by the Board of Examiners of Sex Offenders (Board) resulted in the presumptive classification of defendant as a level one offender, and the Board determined that a departure from that presumptive risk level was not warranted. County Court, "however, is not bound by the recommendation of the Board and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record" (*Matter of New York State Bd. of Examiners of Sex Offenders v Ransom,* 249 AD2d 891, 891-892 [1998]). The record supports the court's determination that an upward departure from the presumptive risk level classification was warranted based upon aggravating factors not adequately taken into account by the RAI (*see People v Bottisti,* 285 AD2d 841, 842 [2001]; *People v Marinconz,* 178 Misc 2d 30, 39 [1998]). The facts contained in the case summary, which were not disputed by defendant, constitute clear

and convincing evidence in support of his classification as a level two offender (*see People v Dorato*, 291 AD2d 580, 581 [2002]; *People v Scott*, 288 AD2d 763, 765 [2001]). Defendant failed to preserve for our review his contention that he did not receive proper notice that the District Attorney would be seeking a risk level determination differing from the Board's recommendation pursuant to Correction Law § 168-n (3) (*see People v Tilley*, 305 AD2d 1041 [2003], *lv denied* 100 NY2d 588 [2003]; *People v Brown*, 302 AD2d 919, 920 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Green, J.P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.