■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DEXTER, Appellant. [799 NYS2d 807]—Appeal by the defendant from an order of the Supreme Court, Westchester County (Molea, J.), dated August 3, 2004, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4; *see People v Williams*, 19 AD3d 1186 [2005]; *People v Guaman*, 8 AD3d 545 [2004]). A departure from the presumptive risk level is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Valentine*, 15 AD3d 463 [2005]; *People v Guaman, supra; People v Hampton*, 300 AD2d 641 [2002]; *People v Bottisti*, 285 AD2d 841 [2001]).

The Supreme Court providently exercised its discretion in making an upward departure from the presumptive level one adjudication (*see People v Stevens*, 4 AD3d 786 [2004]; *People v Moon*, 3 AD3d 600 [2004]; *People v Bottisti, supra*).

Contrary to the defendant's contention, by counsel, he expressly waived his 15-day notice rights pursuant to Corrections Law § 168-d (3) (*see People v Tilley*, 305 AD2d 1041 [2003]). On appeal, he asserts that his waiver was not knowingly, intelligently, and voluntarily given, since he was not allocuted. This issue is unpreserved for appellate review (*see People v Girup*, 9 AD3d 913 [2004]; *People v Angelo*, 3 AD3d 482 [2004]) and, in any event, the defendant cites no authority supporting his claim that there must be a personal allocution and waiver of this notice period. Moreover, the defendant was given time to submit written opposition and he availed himself of this opportunity. Accordingly, this contention is without merit.

The defendant's challenge to the submission of certain transcripts for the Supreme Court's review is unpreserved for appellate review (*People v Girup, supra; People v Angelo, supra; People v Baker*, 303 AD2d 570 [2003]; *People v Roland*, 98 NY2d 614 [2002]).

The defendant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Mastro and Rivera, JJ., concur.