■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SINCLAIR, Appellant. [806 NYS2d 609]—Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated August 6, 2003, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed.

The defendant's contention that the hearing court should not have considered his 1984 violent felony conviction in determining his risk assessment is unpreserved for appellate review (see People v Cureton, 299 AD2d 532 [2002]) and, in any event, without merit (see People v Victor R., 186 Misc 2d 28, 35-36 [2000]). Moreover, the prosecution presented clear and convincing evidence to support a risk level three classification, including the risk assessment instrument and case summary prepared by the Board of Examiners of Sex Offenders (see People v Burgess, 6 AD3d 686 [2004]; People v Moore, 1 AD3d 421 [2003]).

We note that the defendant's risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law article 6-C [hereinafter SORA]) failed to reflect a 10-point reduction granted by the Supreme Court at the SORA hearing to take into account the defendant's acceptance of responsibility for his acts. However, the defendant's score, as corrected, remains within the range of a level three sex offender.

The defendant's remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.