■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT H. WHITE, Appellant. [811 NYS2d 677]—

Appeal by the defendant from an order of the County Court, Westchester County (Bellantoni, J.), entered January 10, 2005, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The People sought to have the defendant designated a level three sex offender. Because of the procedural posture of this case, no prior recommendation had been issued by the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-*l* (6). At the hearing, the County Court's own evaluation of the factors contained in the risk assessment instrument led to a presumptive level two classification (*see* Correction Law § 168-d [3]). Nevertheless, the court, upon granting the People's application for an upward departure, designated the defendant a level three sex offender. We affirm.

Although departures from the presumptive risk level determined by the risk assessment instrument are the exception rather than the rule (*see People v Dexter,* 21 AD3d 403, 404 [2005]; *People v Williams,* 19 AD3d 388 [2005]), a departure is warranted where clear and convincing evidence demonstrates the existence of an aggravating or mitigating factor that in kind or degree is not otherwise taken into account by the guidelines (*see People v Inghilleri,* 21 AD3d 404, 406 [2005]; *People v Dexter, supra* at 404; *People v Mount,* 17 AD3d 714 [2005]).

Contrary to the defendant's contention, the County Court's determination to depart from the presumptive risk level and designate him a level three sex offender was supported by clear and convincing evidence based, inter alia, on facts contained in the presentence report and the risk assessment instrument (*see* Correction Law § 168-d; *People v Overman,* 7 AD3d 596, 597 [2004]; *People v Burgess,* 6 AD3d 686 [2004]; *People v Baker,* 303 AD2d 570 [2003]).

The defendant's contention that the People failed to provide adequate notice that they might seek an upward departure is unpreserved for appellate review. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.