■ The People of the State of New York, Respondent, v Lewis Robert O'Neal, Appellant. [811 NYS2d 80]—

Appeal by the defendant from an order of the County Court, Westchester County (Walker, J.), entered December 15, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level two sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Utilization of the risk assessment instrument will generally result in the proper classification in most cases so that departures will be the exception, not the rule (*see People v Guaman*, 8 AD3d 545 [2004]). A departure from the presumptive risk level is warranted where there exists an aggravating or mitigating factor of a kind or to a degree not otherwise adequately taken into account by the guidelines. Contrary to the defendant's contention, the County Court properly designated him a level two sex offender based, inter alia, upon the recommendation of the Board of Examiners of Sex Offenders, as well as the facts contained in the case summary and the risk assessment instrument (*see* Correction Law §§ 168-n, 168-l [6] [b]; *People v Overman*, 7 AD3d 596, 597 [2004]; *People v Burgess*, 6 AD3d 686 [2004]; *People v Smith*, 5 AD3d 752 [2004]). We note that the defendant did not appear at the risk level assessment hearing, nor did he contest his marijuana use, which was the basis for the County Court assessing 15 points to the defendant's total risk factor score.

The defendant's remaining contention, raised in his reply brief, that the People's brief should be stricken, is without merit. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.