■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BARBER, Appellant. [813 NYS2d 677]—Appeal by the defendant from an order of the Supreme Court, Westchester

County (Molea, J.), entered January 18, 2005, which, pursuant to Correction Law article 6-C, designated him a level two sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Although departures from the presumptive risk level determined by the risk assessment instrument are the exception rather than the rule (*see People v White,* 25 AD3d 677 [2006]; *People v Dexter,* 21 AD3d 403, 404 [2005]), a departure is warranted where clear and convincing evidence demonstrates the existence of an aggravating or mitigating factor of a kind, or to a degree, not otherwise adequately taken into account by the guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *People v White, supra; People v Hines,* 24 AD3d 524 [2005]).

The Supreme Court providently exercised its discretion in upwardly departing from the presumptive risk level adjudication (*see People v White, supra; People v Dexter, supra; People v Stevens,* 4 AD3d 786 [2004]).

The defendant's contention that the Supreme Court improperly assessed him points under risk factors 5 and 7 is unpreserved for appellate review (*see People v Sinclair,* 23 AD3d 537 [2005], *lv denied* 6 NY3d 707 [2006]; *People v Burgess,* 6 AD3d 686 [2004]; *People v Oquendo,* 1 AD3d 421, 422 [2003]; *People v Roland,* 292 AD2d 271, 271 [2002]). Further, the argument made in Point Two of the defendant's brief is not properly before us on this appeal. Goldstein, J.P., Mastro, Rivera and Lunn, JJ., concur.