■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD THOMPSON, Appellant. [818 NYS2d 240]—

Appeal by the defendant from an order of the County Court, Nassau County (LaPera, J.), entered December 10, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Although departures from the presumptive risk level determined by the risk assessment instrument are the exception rather than the rule (*see People v Dexter*, 21 AD3d 403, 404 [2005]; *People v Williams*, 19 AD3d 388 [2005]), a departure is warranted where clear and convincing evidence demonstrates the existence of an aggravating or mitigating factor that in kind or degree is not otherwise taken into account by the risk assessment guidelines (*see People v White*, 25 AD3d 677 [2006], *lv denied* 6 NY3d 715 [2006]; *People v Hegazy*, 25 AD3d 675, 676 [2006]; *People v Inghilleri*, 21 AD3d 404, 406 [2005]).

Contrary to the defendant's contention, the County Court's determination to depart from the presumptive risk level and designate him a level three sex offender was supported by clear and convincing evidence based, inter alia, on facts contained in the presentence report, the case summary prepared by the Board of Examiners of Sex Offenders, and the risk assessment instrument (*see People v Forney*, 28 AD3d 446 [2006]; *People v White, supra; People v Burgess*, 6 AD3d 686 [2004]).

The defendant's contention that the People failed to provide adequate notice that they might seek an upward departure is unpreserved for appellate review and, in any event, is without merit (*see* Correction Law § 168-n [3]; *People v Barber*, 29 AD3d 660 [2006]; *People v Burgess, supra*). Miller, J.P., Adams, Goldstein and Covello, JJ., concur.