■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN GRAEBER, Appellant. [818 NYS2d 269]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Lange, J.), entered November 8, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court properly conducted a risk assessment hearing under the Sex Offender Registration Act (Correction Law art 6-C) (hereinafter SORA) in connection with the defendant's 2001 conviction of attempted dissemination of indecent material to minors in the first degree (*see* Penal Law § 235.22; Correction Law § 168-a [2] [a] [ii]; § 168-d; L 2002, ch 11, §§ 1-2, 24 [a] [i]; *People v Stevens*, 91 NY2d 270, 276 [1998]). Moreover, in determining the appropriate risk level to apply to the defendant, the Supreme Court properly considered the defendant's 2002 conviction of sodomy in the second degree which arose from an offense committed in 1997 (*see* Correction Law § 168-*l* [5] [b] [iii]; *People v Heichel*, 20 AD3d 934, 935-936 [2005]). In addition, the People provided sufficient and timely notice of their intention to request an upward departure from the defendant's presumptive risk level of one to risk level three (*see* Correction Law § 168-d [3]; *People v Moon*, 3 AD3d 600, 600-601 [2004]).

In light of the defendant's conviction of sodomy in the second degree, the People established, by clear and convincing evidence, that consideration of the relevant statutory factors warranted the designation of the defendant as a level three sex offender (*see* Correction Law § 168-n [3]; *People v Dexter*, 21 AD3d 403 [2005]; *People v Heichel, supra* at 936; *People v Brown*, 302 AD2d 919, 921 [2003]; *People v Scott*, 288 AD2d 763 [2001]).

The defendant's remaining contention is unpreserved for appellate review. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.