■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAEL MORALES, Appellant. [824 NYS2d 334]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated April 14, 2005, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The hearing court correctly determined that the People met their burden of proving by clear and convincing evidence the facts that supported the defendant's adjudication as a level three sex offender (*see* Correction Law § 168-n [3]; *People v Ruddy*, 31 AD3d 517 [2006]; *People v Perser*, 29 AD3d 767 [2006]). The defendant admitted that at the time he committed the crimes against his victim, he was abusing alcohol and marijuana. Consequently, the Supreme Court properly assessed 15 points under the 11th risk factor (drug or alcohol abuse). Additionally, the Case Summary and Risk Assessment Instrument established that the defendant had not accepted responsibility for his crime, and he admitted that he had refused treatment (*see People v Thompson*, 31 AD3d 409 [2006]; *People v Fortin*, 29 AD3d 765, 766 [2006]; *People v Sinclair*, 23 AD3d 537 [2005]; *People v Mitchell*, 300 AD2d 377 [2002]). Therefore, the court was justified in assessing 15 points under the 12th risk factor (acceptance of responsibility). In the absence of evidence of circumstances warranting a departure from the presumptive risk level (*see People v Maiello*, 32 AD3d 463 [2006]; *People v Inghilleri*, 21 AD3d 404, 405-406 [2005]; *cf. People v Abdullah*, 31 AD3d 515 [2006]), the Supreme Court providently exercised its discretion by refusing to depart.

The defendant's remaining claims are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.