■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ARNOLD, Appellant. [828 NYS2d 119]—

Appeal by the defendant from an order of the County Court, Nassau County (Brown, J.), dated February 3, 2003, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that his designation as a level three sex offender violated his right to due process because the prosecution failed to offer any evidence at the determination hearing is unpreserved for appellate review (see People v Burgess, 6 AD3d 686 [2004]; People v Cureton, 299 AD2d 532 [2002]). In any event, the prosecution presented clear and convincing evidence to support the defendant's classification as a level three offender, in the form of documentary evidence consisting of the presentence report, and the case summary and risk assessment instrument prepared by the Board of Examiners of Sex Offenders (hereinafter the Board) (see People v Grimmett, 29 AD3d 766, 767 [2006], lv denied 7 NY3d 714 [2006]; People v Overman, 7 AD3d 596, 597 [2004]; People v Burgess, supra; People v Moore, 1 AD3d 421 [2003]).

Contrary to the defendant's contention, the court properly assessed him points for his history of drug and alcohol abuse based upon the admissions contained in the presentence report (see People v Williams, 34 AD3d 663 [2006]; People v Perser, 29 AD3d 767 [2006], lv denied 7 NY3d 710 [2006]; People v Davis, 26 AD3d 364 [2006]; People v Masters, 19 AD3d 387 [2005]). Furthermore, it was not error to assess the defendant points for his commission of a prior sex offense which resulted in his adjudication as a youthful offender. "The Risk Assessment Guidelines developed by the Board expressly provide that youth-

ful offender adjudications are to be treated as 'crimes' for purposes of assessing the defendant's likelihood of re-offending and danger to public safety" (*People v Moore, supra* at 421; *see People v Masters, supra*; *People v Peterson*, 8 AD3d 1124, 1125 [2004]). The court also properly assessed the defendant points for both his use of violence during the rape, and his sexual contact with the victim, which are separate risk factors, and for his continued refusal to accept responsibility for his offense. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.