less of whether an offender has served his maximum sentence, the absence of such supervision is a risk factor for re-offending which must be taken into account pursuant to the Risk Assessment Guidelines.

In the absence of evidence of special circumstances warranting a departure from the presumptive risk level determined by the risk assessment instrument (*see People v Morales*, 33 AD3d 982 [2006]; *People v Davis*, 26 AD3d 364 [2006]; *People v Masters*, 19 AD3d 387 [2005]), we reclassify the defendant a level three offender.

In view of our determination, we need not reach the People's remaining contentions. Crane, J.P., Spolzino, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY P. FREDLUND, Appellant. [832 NYS2d 592]—

Appeal by the defendant from an order of the County Court, Dutchess County (Hayes, J.), dated November 23, 2004, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the hearing court properly assessed him 10 points under risk factor number 13 (unsatisfactory post-offense conduct while confined/supervised) based on evidence that he absconded from the court's jurisdiction while awaiting sentencing.

The defendant's contention that the court erred in assessing him both 30 points under risk factor number 5 (victim less than 10 years old) and 20 additional points under risk factor number 6 (physical helplessness of victim) is unpreserved for appellate review (*see People v Sinclair*, 23 AD3d 537 [2005]). In any event, even if the defendant's total score under the risk assessment instrument had fallen below the threshold score for designation as a level three sex offender, an upward departure to level three would have been warranted in this case based on clear and convincing evidence that the defendant, after absconding from New York, obtained employment where children were easily accessible, and subsequently admitted to fantasizing about subjecting very young girls to sexual acts.

Accordingly, the hearing court's determination to designate the defendant a level three sex offender was provident and supported by clear and convincing evidence (*see People v Forney*, 28 AD3d 446, 447 [2006]; *People v Hammonds*, 27 AD3d 441, 442

[2006]; *People v White,* 25 AD3d 677 [2006]). Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.