■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND VELEZ, Appellant. [833 NYS2d 158]—

Appeals by the defendant from (1) an order of the Supreme Court, Richmond County (Rienzi, J.), dated May 27, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, in connection with his conviction of sexual abuse in the first degree, and (2) an order of the same court also dated May 27, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, in connection with his conviction of attempted sodomy in the first degree.

Ordered that the orders are affirmed, without costs or disbursements.

The defendant, who pleaded guilty to sexual abuse in the first degree and attempted sodomy in the first degree, and was designated a presumptive risk level three sex offender (*see* Correction Law § 168-*l*), argues that the court should have exercised its discretion and departed from this designation down to a risk level two (*see* Correction Law § 168-m). We disagree.

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Inghilleri,* 21 AD3d 404, 405 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman, supra* at 545, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri, supra* at 405-406, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup, supra; People v Guaman, supra*).

Contrary to the defendant's contentions, the Supreme Court, in designating him a level three sex offender, properly relied on the defendant's 120-point risk assessment score, which the defendant conceded was accurate, as well as the clinical diagnosis of the defendant as a pedophile, along with the lack of documentation that the defendant had completed sex offender counseling.

The defendant failed to prove any mitigating factor which would warrant a downward departure. Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m).

The defendant's remaining contentions are without merit. Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.