■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP TURNER, Appellant. [844 NYS2d 891]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Marrero, J.), dated March 7, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the prosecution presented clear and convincing evidence to support a risk level three classification, including the risk assessment instrument and case summary prepared by the Board of Examiners of Sex Offenders (*see* Correction Law § 168-n [3]; *People v Arnold,* 35 AD3d 827 [2006]; *People v Overman,* 7 AD3d 596, 597 [2004]; *People v Burgess,* 6 AD3d 686 [2004]). In any event, even if the defendant's total score under the risk assessment instrument fell below the threshold score for designation as a level three sex offender, an upward departure to level three was warranted (*see People v Fredlund,* 38 AD3d 636 [2007]).

"A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d 404, 406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *People v Mount,* 17 AD3d 714, 715 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). Here, an upward departure was warranted based upon the defendant's 2005 conviction of rape in the first degree (*see People v Fredlund,* 38 AD3d 636 [2007]; *People v Graeber,* 31 AD3d 517 [2006]; *People v White,* 25 AD3d 677 [2006]).

The defendant's remaining contention is without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.