■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. CASE, Appellant. [846 NYS2d 803]—

Crew III, J.P. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered December 7, 2006, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

In 2003, defendant pleaded guilty to sodomy in the second degree in full satisfaction of a 15-count indictment accusing him of eight counts of sodomy in the second degree, six counts of sodomy in the third degree and one count of endangering the welfare of a child. The charges arose out of alleged acts of deviate sexual intercourse with a person less than 14 years old occurring from the fall of 1998 through January 2002. Defendant was sentenced to a prison term of $1^3/_4$ years to $5^1/_4$ years. Prior to his release, the Board of Examiners of Sex Offenders evaluated and presumptively classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). County Court held a hearing, after which it adopted the Board's recommendation. Defendant appeals.

Defendant argues that the People did not sustain their burden of proof of showing by clear and convincing evidence that he was a risk two sex offender. Defendant challenges the points assessed against him based upon the duration of continuing sexual conduct with the victim and his relationship with the victim.

With regard to the points assessed for continuing sexual conduct, the Board quite properly based its assessment upon,

among other things, the presentence investigation report, defendant's prior criminal history and his postoffense behavior. We likewise reject defendant's contention that the material relied upon by the Board, and ultimately by County Court, was insufficient to establish a course of conduct. The victim's sworn statement to the police, which was properly considered (*see People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]), demonstrated a continuing course of sexual misconduct and constituted reliable hearsay (*see People v Cantrell*, 37 AD3d 1183, 1184 [2007], *lv denied* 8 NY3d 812 [2007]; *see also People v Oginski*, 35 AD3d 952, 954 [2006]).

Similarly unavailing is defendant's claim that it was improperly determined that he established a relationship with the victim. The hearing evidence, the victim's statement to the police as well as defendant's statement to the police support the finding that defendant established the relationship with the victim for the purpose of victimizing him (*see People v Carlton*, 307 AD2d 763, 764 [2003]). Finally, we reject defendant's contention that he was entitled to a downward departure from the risk level two classification.

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.