■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELVIS MARIN, Appellant. [849 NYS2d 894]—

Appeal by the defendant from an order of the County Court, Westchester County (Bellantoni, J.), entered October 18, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court has the discretion to depart from the presumptive risk level based upon the facts in the record (*see People v Hines,* 24 AD3d 524, 525 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]). It has been recognized, however, that "[u]tilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Dexter,* 21 AD3d 403, 404 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Ventura,* 24 AD3d 527 [2005]; *People v Hines,* 24 AD3d at 525). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender

Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006 ed]; *see People v White,* 25 AD3d 677 [2006]; *People v Guaman,* 8 AD3d 545 [2004]). Further, there must be clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Dexter,* 21 AD3d 403, 404 [2005]). Here, the factors alleged by the defendant do not warrant a downward departure (*see People v Velez,* 38 AD3d 867, 868 [2007]; *People v Guaman,* 8 AD3d 545 [2004]).

The defendant's contention that the County Court improperly assessed points under risk factor four is unpreserved for appellate review (*see People v Fredlund,* 38 AD3d 636 [2007]; *People v Barber,* 29 AD3d 660, 661 [2006]; *People v Sinclair,* 23 AD3d 537 [2005]). In any event, that contention, as well as his remaining contention that the County Court should not have assessed points under risk factor five, is without merit.

Accordingly, the County Court's determination to designate the defendant a level three sex offender was supported by clear and convincing evidence, and thus, should not be disturbed (*see* Correction Law § 168-n [3]; *People v Morris,* 33 AD3d 778 [2006]; *People v Robert I.,* 33 AD3d 777 [2006]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.