■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LIGUORI, Appellant. [854 NYS2d 140]—

Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated May 4, 2005, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the determination to upwardly depart from the risk assessment score to find the defendant a level two sex offender under the Sex Offender Registration Act (hereinafter SORA), but for reasons different from those relied upon by the County Court. The record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Forney,* 28 AD3d 446 [2006]).

The defendant contends that the circumstances underlying his 1997 plea of guilty to harassment are addressed by the assessment of 30 points under risk factor 9 (prior offenses), and thus should not be a basis for an upward departure. However, we find it appropriate to assess 30 points under risk factor 9, based not on the defendant's 1997 conviction, but on his 1985 conviction for robbery in California, as recommended by the Board of Examiners of Sex Offenders in its case summary. An upward departure to level two is supported by the circumstances of the 1997 incident, which were established by clear and convincing evidence, the proximity in time of that incident to the defendant's commission of the sex offense which was the basis for the risk assessment, and the images of child pornography found on the defendant's computer at the time of his arrest for the instant sex offense. Those aggravating factors are of a kind, and are present to a degree, that is otherwise not adequately taken into account by the SORA guidelines (*see People v Turner,* 45 AD3d 747 [2007]; *People v Hands,* 37 AD3d 441 [2007]; *People v Dexter,* 21 AD3d 403 [2005]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.