■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH GOODWIN, Appellant. [854 NYS2d 422]—

In 1992 the defendant pleaded guilty to attempted rape in the first degree in satisfaction of an 11-count indictment arising from his rape and sodomy of a nine-year-old girl. In 1996 he was adjudicated a level two sex offender under the Sex Offender Registration Act (hereinafter SORA). In 2006, acting upon the stipulation of settlement agreed to in *Doe v Pataki* (3 F Supp 2d 456 [1998]), the defendant was granted a redetermination of his status. At the redetermination hearing, the defendant was again adjudicated a level two sex offender based on a total of 80 points on the risk assessment instrument. On appeal, the defendant argues that the court erred in assessing him 15 points under risk factor 11 for a "history of drug or alcohol abuse," and in assessing him 25 rather than 10 points under risk factor 2 for "sexual contact with victim." Consequently, he contends, he was a presumptive level one sex offender and should have been so adjudicated. In any event, he argues, the court improvidently exercised its discretion in denying his alternative request for a discretionary downward departure to a level one sex offender status based on a recent history of abstinence from the use of alcohol.

Contrary to the defendant's contentions on appeal, the materials upon which the Supreme Court based its determination constituted reliable hearsay within the meaning of SORA (*see People v Mingo*, 49 AD3d 148 [2d Dept 2008]). Further, the materials provided clear and convincing evidence both that the defendant had a history of alcohol abuse and that he had sexual contact with his nine-year-old victim (*see People v Thompson*, 31 AD3d 409 [2006]; *People v Dong V. Dao*, 9 AD3d 401 [2004]). Thus, the defendant was properly adjudicated a level two sex offender.

The defendant argues that the court improvidently exercised its discretion in assessing him points for a history of drug and/or alcohol abuse when his two prior convictions for alcohol-related offenses predated the underlying offense by several years, and he presented evidence at the redetermination hearing of a recent history of prolonged abstinence (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006 ed]). However, the defendant's vague assertions that he had "stopped drinking" because he had been diagnosed with a heart problem while incarcerated on the underlying offense, and that he had been told that further alcohol consumption could lead to a heart attack or stroke, was unsupported by any records or evidence from a medical or health professional. Further, a recent

history of sobriety was not proved by the defendant's lack of further convictions for alcohol-related offenses since his release from imprisonment on the underlying offense. Otherwise, risk factor 11 "focuses on the offender's history of abuse and the circumstances at the time of the crime" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006 ed]).

Finally, the defendant failed to demonstrate by clear and convincing evidence that there existed a mitigating factor or factors of a kind or to a degree not otherwise taken into account by the guidelines that warranted a downward departure from his presumptive level two sex offender status (*see People v Adams,* 44 AD3d 1020 [2007]; *People v Inghilleri,* 21 AD3d 404 [2005]).

The defendant's remaining contentions are without merit. Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.