■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUSTAFA ABDUL-QAWIYY, Appellant. [852 NYS2d 846]—

A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into ac-

count by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006 ed]; *see People v White,* 25 AD3d 677 [2006]; *People v Guaman,* 8 AD3d 545 [2004]). Further, there must be clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Dexter,* 21 AD3d 403, 404 [2005]). Here, the Supreme Court's determination to depart from the presumptive risk level and designate the defendant a level three sex offender was proper (*see People v James,* 45 AD3d 555, 556 [2007]; *People v Buss,* 44 AD3d 634, 635 [2007]; *People v Mudd,* 43 AD3d 1128, 1129 [2007], *lv denied* 9 NY3d 817 [2008]; *People v Kettles,* 39 AD3d 1270, 1271 [2007]; *People v Wilkens,* 33 AD3d 399 [2006]; *People v White,* 25 AD3d 677 [2006]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.