■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONIJAH W., Appellant. [859 NYS2d 884]—Appeal from an adjudication of the Erie County Court (Shirley Troutman, J.), rendered June 18, 2007. Defendant was adjudicated a youthful offender upon his plea of guilty to attempted robbery in the third degree.

It is hereby ordered that the adjudication so appealed from is unanimously affirmed (*see People v Lococo*, 92 NY2d 825, 827 [1998]). Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JATONE WILSON, Appellant. [859 NYS2d 884]—Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered August 6, 2007. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that she is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that she was denied her right to due process because County Court failed to adhere to the procedural requirements of Correction Law § 168-d (3). That contention is not preserved for our review (*see generally People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]; *People v Burgess*, 6 AD3d 686 [2004], *lv denied* 3 NY3d 604 [2004]). Contrary to the further contentions of defendant, the court properly "render[ed] an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations [were] based" (§ 168-d [3]; *see People v Millar*, 45 AD3d 1329, 1330 [2007], *lv denied* 10 NY3d 701 [2008]), and the court's determination that defendant is a level two risk is supported by the requisite clear and convincing evidence (*see People v Vacanti*, 26 AD3d 732, 733 [2006], *lv denied* 6 NY3d 714 [2006]). Present—Martoche, J.P., Centra, Lunn, Fahey and Pine, JJ.