Appeal by the defendant from an order of the Supreme Court, Queens County (Wong, J.), dated October 17, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
We agree with the Supreme Court’s determination to upwardly depart from the risk assessment score to find the defendant a level three sex offender under the Sex Offender Registration Act (hereinafter SORA), but for reasons different from those relied upon by the Supreme Court. The record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Hill, 50 AD3d 990 [2008]; People v Liguori, 48 AD3d 773 [2008]; People v Forney, 28 AD3d 446 [2006]).
The defendant correctly contends that the Supreme Court erred to the extent it considered as aggravating factors in sup *634 port of an upward departure those circumstances for which he was scored the maximum points for the duration of his sexual misconduct and the nature of his sexual contact with the victim. However, there was clear and convincing evidence of aggravating factors, of a kind and present to a degree, that otherwise were not adequately taken into account by the SORA guidelines (see People v Miller, 48 AD3d 774, 774-775 [2008]; People v Liguori, 48 AD3d 773 [2008]; People v Turner, 45 AD3d 747 [2007]). Here, an upward departure was supported by (1) the defendant’s institutional record, for which he was not scored points on the risk assessment instrument (hereinafter RAI), (2) the defendant’s infliction of pain and the other indicia of force present in his sexual assaults on a seven-year-old child who fled from his attempts at sexual contact on four occasions when she was able to flee, apart from the two when she was not, for which he was not scored points under the use of violence category of the RAI, and (3) the defendant’s infection of the child with a sexually-transmitted disease. Accordingly, the defendant was appropriately determined to be a level three sex offender.
The defendant’s remaining contentions either are unpreserved for appellate review (see People v Patterson, 51 AD3d 750 [2008], lv denied 11 NY3d 704 [2008]; People v Kelly, 46 AD3d 790 [2007]), or are without merit. Skelos, J.E, Angiolillo, Balkin and Chambers, JJ., concur.