Joan Randell et al., Respondents, v City of New York et al., Appellants. [868 NYS2d 647]—

The injured plaintiff allegedly tripped and fell in a depression next to a manhole cover as she was crossing a street in lower Manhattan. The road had been milled for paving the night before, and asphalt ramps had been placed around the manhole covers in order to smooth the transition. Shortly after the accident, the injured party's husband observed the gap to be four to five inches deep, eight inches wide, and 10 inches long. Plaintiffs' description of the time, place and circumstances of the accident presents triable issues of fact as to whether the defect was trivial (*see Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165 [2000]), and whether the temporary road work had been negligently performed (*see Mendoza v City of New York*, 170 AD2d 198 [1991]; *Sternbach v Cornell Univ.*, 162 AD2d 922 [1990]). Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.

The People of the State of New York, Respondent, v Yehidie F. Novoa, Appellant. [867 NYS2d 680]

The court properly assessed points under the risk factor for drug and alcohol abuse, based on extensive evidence of persistent drug use including defendant's own admissions to the Probation Department (*see People v Conway*, 47 AD3d 492 [2008], *lv denied* 10 NY3d 708 [2008]; *People v Arnold*, 35 AD3d 827 [2006], *lv denied* 9 NY3d 813 [2007]), and it providently exercised its discretion in declining to grant a downward departure (*see People v Guaman*, 8 AD3d 545 [2004]). Defendant's remaining contention is without merit. Concur—Tom, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.