THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR TWYMAN, Appellant. [872 NYS2d 540]—

Appeal by the defendant from an order of the County Court, Westchester County (Bellantoni, J.), entered January 1, 2008, as amended February 20, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order, as amended, is affirmed, without costs or disbursements.

In determining an offender's presumptive risk level under the Sex Offender Registration Act (hereinafter SORA), the use of the risk assessment instrument is generally recognized to "result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Stevens,* 55 AD3d 892 [2008]; *People v Barad,* 50 AD3d 988 [2008]; *People v Guaman,* 8 AD3d 545 [2004]). However, a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record, where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Abdul-Qawiyy,* 49 AD3d 703 [2008]; *People v Guaman,* 8 AD3d 545 [2004]). To warrant a departure from the presumptive risk level, there must be clear and convincing evidence of a

special circumstance (*see People v Abdul-Qawiyy*, 49 AD3d 703 [2008]; *People v Burgos*, 39 AD3d 520 [2007]; *People v Dexter*, 21 AD3d 403 [2005]).

Here, the court properly considered as an aggravating factor, justifying its upward departure from the defendant's presumptive risk level, the underlying facts of the defendant's 1985 conviction for assault in the third degree. Although the defendant denies any sexual element to that assault, the 12-year-old victim's sworn statement, which constituted reliable hearsay evidence upon which the County Court properly relied (*see* Correction Law § 168-n [3]; *People v Bolton*, 50 AD3d 990 [2008]; *People v Mingo*, 49 AD3d 148, 151 [2008]; *People v Case*, 46 AD3d 996, 997 [2007]), that the defendant tried to remove her pants during the assault, constituted clear and convincing evidence that the assault contained a sexual component (*see People v Balic*, 52 AD3d 201 [2008]; *People v Brown*, 45 AD3d 1123 [2007]). Accordingly, the defendant's designation as a level three sex offender will not be disturbed.

In light of our determination, we need not address the defendant's remaining contentions. Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.