■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY TAYLOR, Appellant. [911 NYS2d 665]—Appeal by the defendant from an order of the Supreme Court, Kings County (Del Giudice, J.), dated September 22, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Although departures from the presumptive risk level determined by the risk assessment instrument are the exception rather than the rule (*see People v Dexter*, 21 AD3d 403, 404 [2005]; *People v Bowens*, 55 AD3d 809 [2008]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]), "a departure is warranted where clear and convincing evidence demonstrates the existence of an aggravating or mitigating factor that in kind or degree is not otherwise taken into account by the guidelines" (*People v White*, 25 AD3d 677 [2006]; *see People v Bowens*, 55 AD3d 809 [2008]; *People v Dexter*, 21 AD3d at 404; *People v Guaman*, 8 AD3d 545 [2004]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Here, the Supreme Court's determination to depart from the presumptive risk level and designate the defendant a level three sex offender was not an improvident exercise of discretion (*see People v Abdul-Qawiyy*, 49 AD3d 703 [2008]; *People v Dexter*, 21 AD3d at 404; *People v White*, 25 AD3d 677 [2006]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.