# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

531
KA 10-01258
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

BRIEN FREDENDALL, DEFENDANT-APPELLANT.

---

ADAM H. VAN BUSKIRK, AURORA, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (HEATHER M. DESTEFANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Cayuga County Court (Mark H. Fandrich, A.J.), entered May 10, 2010. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). We reject defendant's contention that the assessment of 15 points against him under the risk factor for drug or alcohol abuse is not supported by the requisite clear and convincing evidence (*see generally* § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). Defendant's two prior convictions of driving while ability impaired, which arose from arrests for driving while intoxicated and were "alcohol-related offenses," warrant a finding that defendant has a history of alcohol abuse, despite the fact that those convictions "predated the underlying offense by several years" (*People v Goodwin*, 49 AD3d 619, 620, *lv denied* 10 NY3d 713, *rearg denied* 11 NY3d 761). Defendant failed to preserve for our review his further contention that he was improperly assessed 30 points under the risk factor for age of the victims based on the fact that some of his victims, i.e., children depicted in the child pornography he possessed, were 10 years old or younger (*see generally People v Smith*, 17 AD3d 1045, *lv denied* 5 NY3d 705). Finally, we reject defendant's contention that County Court abused its discretion in denying his request for a downward departure, inasmuch as defendant failed to present "clear and convincing evidence of the existence of special circumstances warranting a downward departure" (*People v Marks*, 31 AD3d 1142, 1143,

*lv denied* 7 NY3d 715).

Entered:  April 29, 2011                    Patricia L. Morgan
                                            Clerk of the Court