The Supreme Court properly determined that the assessment of five points under risk factor 2 (sexual contact with the victim — contact over clothing), was supported by clear and convincing evidence. Specifically, the case summary and supplemental incident report relied upon by the hearing court indicated that the defendant touched the infant victim’s buttocks over her clothing during the subject incident (see People v Mingo, 12 NY3d 563, 571 [2009]; People v Perser, 29 AD3d 767 [2006]; People v Boykin, 127 AD2d 1004 [1987]). Additionally, the assessment of 15 points under risk factor 11, based on a history of drug or alcohol abuse, was supported by clear and convincing evidence. The case summary and supplemental incident report indicated that the defendant had been abusing methamphetamine at the time of the subject incident (see People *558 v Crandall, 90 AD3d 628, 629-630 [2011]; People v Morales, 33 AD3d 982, 983 [2006]). Thus, the Supreme Court properly designated the defendant a level two sex offender. Florio, J.P., Balkin, Hall and Miller, JJ., concur.