People v Shackelford (2023 NY Slip Op 06153)

People v Shackelford

2023 NY Slip Op 06153

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2020-05521

[*1]The People of the State of New York, respondent, 
v
Gregory Shackelford, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Chris Ann Kelley, J.), dated June 12, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought, without prior notice, an upward departure from the defendant's presumptive risk level. The defendant declined the County Court's offer to adjourn the hearing and advised the court that he waived his right to prior notice of the People's upward departure application (see Correction Law § 168-n[3]). The defendant opposed the upward departure application and sought a downward departure. The court granted the People's application, denied the defendant's application, and designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the record demonstrated that his express waiver of his notice rights was knowing, voluntary, and intelligent (see People v Dexter, 21 AD3d 403, 404; see also People v Callanan, 195 AD3d 958). Specifically, the record demonstrates that the defendant knew of and understood his notice rights and voluntarily decided, after consultation with his counsel, that waiving those rights and proceeding with the SORA hearing that day would be in his best interests.
Where the People seek an upward departure from the presumptive SORA risk level they have the initial burden of (1) identifying, as a matter of law, an appropriate aggravating factor, namely, a factor which tends to establish a higher likelihood of reoffense or danger to the community, and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by clear and convincing evidence (see People v Gillotti, 23 NY3d 841, 861-862; People v Wyatt, 89 AD3d 112, 123-124; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the People meet their initial burden, the court must exercise its discretion by weighing the aggravating and any mitigating factors "to determine whether the totality of the circumstances warrants a departure to avoid an [under-assessment] of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the defendant's conduct of writing the victim a letter threatening to have her deported in connection with this case and to kill her and her family, conduct of a kind that can only serve to decrease the likelihood that a victim will report or participate in the prosecution of a sex offense, tended to establish a higher likelihood of reoffense or danger to the community, so as to constitute a proper aggravating factor (see People v Auger, 162 AD3d 1082, 1083). Furthermore, the County Court properly exercised its discretion in upwardly departing from the defendant's presumptive risk level based upon this factor (see id.).
The defendant's remaining contention is without merit.
Accordingly, we affirm the order designating the defendant a level three sex offender.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court