■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VALENTINE, Appellant. [789 NYS2d 430]—Appeal by the defendant from an order of the Supreme Court, Queens County (Wong, J.), dated January 10, 2003, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, he was not denied effective assistance of counsel at the hearing, conducted pursuant to Correction Law article 6-C, which resulted in his designation as a level three sex offender (*see generally People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Sinclair,* 266 AD2d 482 [1999]).

The defendant did not demonstrate clear and convincing evidence of any circumstances which would warrant a departure from the presumptive risk level assigned to him under the Risk

Assessment Instrument (see *People v Hampton,* 300 AD2d 641 [2002]; *Matter of Vandover v Czajka,* 276 AD2d 945 [2000]). Accordingly, the Supreme Court providently exercised its discretion in designating the defendant a level three sex offender (see Correction Law § 168-m; *People v Guaman,* 8 AD3d 545 [2004]; *People v Bottisti,* 285 AD2d 841 [2001]). Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.