■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WILLIAMS, Also Known as PAUL McMILLEN, Appellant. [795 NYS2d 895]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.) dated April 8, 2003, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The defendant, who pleaded guilty to rape in the second degree and was assigned a presumptive risk level three sex offender designation (*see* Correction Law § 168-*l*), argues that the court should have exercised its discretion and departed from this designation down to a risk level two (*see* Correction Law § 168-m). We disagree.

Utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception, not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Guaman*, 8 AD3d 545 [2004]; *People v Terdeman*, 175 Misc 2d 379 [1997]). A departure from the presumptive risk level is warranted only where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Guidelines, Commentary at 4). There must exist clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Valentine*, 15 AD3d 463 [2005]; *People v Guaman, supra*; *People v Hampton*, 300 AD2d 641 [2002]; *People v Bottisti*, 285 AD2d 841 [2001]).

The defendant failed to prove any such mitigating factor or special circumstance which would warrant a downward departure. Accordingly, the court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m).

The defendant's remaining contention is without merit. Schmidt, J.P., S. Miller, Santucci and Mastro, JJ., concur.