■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant. [850 NYS2d 494]—

Appeal by the defendant from an order of the County Court, Westchester County (R. Bellantoni, J.), entered September 14, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant pleaded guilty to rape in the first degree, and later was assigned a presumptive risk level three sex offender designation (*see* Correction Law § 168-a). In its risk assessment instrument (hereinafter the RAI), the Board of Examiners of Sex Offenders (hereinafter the Board) indicated that a downward departure from level three to level two was warranted. By way of explanation, in its case summary, the Board stated that the defendant "was involved in one incident against the victim and has no such other known incidents." Following a hearing, the County Court designated the defendant a level three sex offender, and declined to make a downward departure to level two. We affirm.

Generally, the RAI "will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006 ed] [hereinafter Guidelines and Commentary]; *see People v Williams*, 19 AD3d 388 [2005]; *People v Guaman*, 8 AD3d 545 [2004]). A departure from the presumptive risk level is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines and Commentary at 4; *see People v Williams*, 19 AD3d 388 [2005]; *People v Guaman*, 8 AD3d 545 [2004]). There must be clear and convincing evidence of the existence of a special circumstance to warrant any departure (*see People v Valentine*, 15 AD3d 463, 463-464 [2005]).

The defendant contends that the County Court improvidently exercised its discretion in rejecting the Board's recommendation of a downward departure. We disagree. The court was not bound by the Board's recommendation and, in the exercise of its discretion, was entitled to depart from that recommendation and

determine the defendant's risk level based on the record before it (*see People v Charache*, 32 AD3d 1345 [2006], *affd* 9 NY3d 829 [2007]; *People v Carswell*, 8 AD3d 1073 [2004]). Here, the County Court correctly noted that the Board's observation that the defendant was involved in one incident with the victim, and that there were no other known incidents, were facts adequately taken into account by the RAI itself. The defendant was assessed zero points both for risk factors three (number of victims) and four (duration of offense conduct with victim). Furthermore, the court noted that the defendant committed the instant offense while on parole for another, non-sex-related felony conviction, and providently exercised its discretion in considering that fact in declining to depart from the defendant's presumptive level three designation (*cf. People v Gonzalez*, 34 AD3d 240 [2006]).

The defendant failed to prove any mitigating factor or special circumstance which would warrant a downward departure. Accordingly, the County Court providently exercised its discretion in designating the defendant a level three sex offender (*see People v Williams*, 19 AD3d 388 [2005]). Ritter, J.P. Florio, Miller and Dillon, JJ., concur.