■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAQUAN DERRICO, Appellant. [866 NYS2d 290]—Appeal by the defendant from an order of the County Court, Suffolk County (Hinrichs, J.), dated March 26, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court is empowered to exercise its discretion and depart from the presumptive risk level determined by the risk assessment instrument based upon the circumstances in the record (*see People v Taylor,* 47 AD3d 907, 908 [2008]; *People v Inghilleri,* 21 AD3d 404 [2005]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545, 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Furthermore, such a determination must be supported by clear and convincing evidence (*see People v Guaman,* 8 AD3d 545 [2004]; *People v Hampton,* 300 AD2d 641 [2002]).

The mitigating factors alleged by the defendant were taken into account by the guidelines and do not warrant a departure. The defendant has failed to meet his burden of establishing that a downward departure is appropriate. Accordingly, the County Court properly found that the presumptive risk level accurately assessed the defendant's likelihood of reoffending and, thus, properly declined to depart from that risk level assessment. Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.