■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON JACOBS, Appellant. [877 NYS2d 402]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated September 11, 2007, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court is empowered to exercise its discretion and depart from the presumptive risk level determined by the risk assessment instrument based upon the circumstances in the record

(*see People v Derrico,* 55 AD3d 810, 811 [2008]; *People v Walker,* 47 AD3d 692 [2008]; *People v Guaman,* 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases, so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Derrico,* 55 AD3d 810 [2008]; *People v Walker,* 47 AD3d 692 [2008]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see also People v Derrico,* 55 AD3d 810, 811 [2008]; *People v Walker,* 47 AD3d 692, 693 [2008]; *People v Guaman,* 8 AD3d 545 [2004]). Such a determination must be supported by clear and convincing evidence (*see People v Derrico,* 55 AD3d 810 [2008]; *People v Walker,* 47 AD3d 692, 693 [2008]; *People v Guaman,* 8 AD3d 545 [2004]).

Here, the defendant failed to demonstrate by clear and convincing evidence that there existed a mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines that warranted a downward departure from his presumptive risk level designation. Thus, the Supreme Court providently exercised its discretion in denying such a departure. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.