People v Lehmann (2019 NY Slip Op 02731)





People v Lehmann


2019 NY Slip Op 02731


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-07068

[*1]People of State of New York, respondent,
v
Benjamin Lehmann, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County, New York (Barbara Kahn, J.), dated June 14, 2017 which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The grounds the defendant raises on appeal in support of his contention that the County Court should have granted his application for a downward departure are unpreserved for appellate review, as he did not raise these grounds at the SORA hearing (see People v Joseph, 163 AD3d 594; People v Uphael, 140 AD3d 1143, 1145; People v Figueroa, 138 AD3d 708). In any event, the defendant's contentions on appeal do not demonstrate that a downward departure was warranted.
The defendant contends that the victims' lack of consent was due only to an inability to consent by virtue of their age. " [A] court may choose to depart downward in an appropriate case and in those instances where (1) the victim's lack of consent is due only to inability to consent by virtue of age and (2) scoring 25 points [under risk factor 2 of the risk assessment instrument] results in an over-assessment of the offender's risk to public safety'" (People v Garner, 163 AD3d 1009, 1009, quoting Guidelines at 9; see People v Quirindongo, 153 AD3d 863, 863). Here, the defendant [*2]failed to meet his burden of establishing by a preponderance of the evidence that the victims' lack of consent was " due only to inability to consent by virtue of age' and that the points under risk factor 2 resulted in an over-assessment,' of his risk to public safety" (People v Bowden, 88 AD3d 972, 973). The other factors identified by the defendant were already taken into account by the Guidelines (see People v DeDona, 102 AD3d 58, 71; People v Walker, 47 AD3d 692, 694), or do not warrant departure from the presumptive risk level under the circumstances.
Accordingly, we agree with the County Court's determination designating the defendant a level two sex offender.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court